UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE,<br><br>                     Plaintiff,<br><br>v.<br><br>ANGIE HANIFIN, SUSANA SOTO, AND OCEANSIDE HOUSING AUTHORITY,<br><br>                     Defendants. | Case No.:  20-cv-00614-GPC-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND**<br><br>**(2) DISMISSING THE THIRD AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>**[ECF No. 2]** |

On March 31, 2020, Plaintiff Irvin Musgrove, proceeding *pro se*, initiated this action. ECF No. 1. On the same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Plaintiff sent Defendant Keysa Machado, identified as Supervisor of Oceanside Housing Authority, a request for waiver of service of summons. ECF No. 1 at 6. On May 19, 2020, Petitioner filed a First Amended Complaint naming Angie Hanifin, Susana Soto, and Oceanside Housing Authority as Defendants. ECF No. 7. On May 20, 2020, Petitioner filed a Second Amended Complaint naming Angie Hanifin, Susana Soto, Margery Pierce, Keysa Machado, and Oceanside Housing Authority as Defendants. ECF No. 8. Plaintiff filed a declaration of service as to Margery Pierce, ECF No. 9, and as to Keysa Machado, ECF Nos. 10, 11, and as to Margery Pierce. ECF No. 12. On June 3, 2020, Plaintiff filed a Third Amended Complaint naming Angie Hanifin, Susana Soto, Margery Pierce, Keysa Machado, and Oceanside Housing Authority as Defendants. ECF No. 13 ("TAC"). For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP, but **DISMISSES** Plaintiff's Third Amended Complaint ("TAC") because it fails to state a claim on which relief can be granted.[1]

**I.    Background**

    **A.    First Reasonable Accommodation Request**

The following facts come from Plaintiff's Third Amended Complaint filed on June 3, 2020. TAC. Plaintiff alleges that the Oceanside Housing Authority ("OHA"), through his caseworker, Susana Soto, refused his Reasonable Accommodation Request ("RA")

---

[1] Plaintiff filed a $400 filing fee on August 3, 2020. ECF No. 14. Plaintiff's payment does not render Plaintiff's motion to proceed IFP moot. *See Powell v. Hoover*, 956 F. Supp. 564, 567 (M.D. Pa. 1997) ("the motion is not thereby rendered moot because . . . any further filing fee, as for an appeal or petition for a writ of certiorari, would not have to be paid if the motion were to be granted."). Further, the fact that the filing fee has been paid does not affect the authority of the court to dismiss the case, per 28 U.S.C. § 1915(h), which provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." *Id.*

"for the final inspection." TAC at 3.[2] Plaintiff alleges that as a result of the RAR refusal, "the inspection passed" and the family's "terminated voucher" was reinstated. *Id.* Plaintiff does not explicitly state what the inspection was for, but it appears from the face of the 4AC that the inspection focused on whether or not certain repair were made and Plaintiff argues that "[n]one of the repairs that were needed were tenant caused." *Id.* Plaintiff alleges that he told Soto and Hanifin that he would face hardships if forced to move from his apartment due to his impending hip surgery. *Id.*

As a result of the termination of his housing voucher, Plaintiff and his son had no housing and did not have housing for the subsequent year and a half. Plaintiff also states that he suffers from post-traumatic stress disorder ("PTSD") and chronic depression, and that he has been separated from his son. *Id.*

### B. Second Reasonable Accommodation Request

Plaintiff states that his psychiatrist made a RAR to the OHA Director, Margery Pierce, on the basis of his PTSD and chronic depression. Plaintiff had a meeting with Hanifin at an unidentified time and at this meeting, Hanifin told Plaintiff that OHA is not required to help clients with finding apartments and that "an extension wouldn't be effective." *Id.* at 4. Plaintiff alleges that Hanifin denied the validity of the "120 days of additional residency." *Id.* Plaintiff argues that Hanifin's refusal of his RAR due his handicapped state was the cause of his lack of stable housing, and that Machado was "also aware [and] involved with the obligation to intervene in order to maintain OHA integrity." *Id.* Plaintiff states that he is now living at Veterans Villa in Escondido, California. *Id.*

Plaintiff seeks relief for the over 18-month period during which he was unhoused, the 12-month period during which his "family has been torn apart," and additionally the "traumatic affects [sic] homelessness [and] 12+ months that CPS custody has had on [his

---

[2] All page numbers refer to the CM/ECF pagination.

son], the 18+ months [Plaintiff has] had to endure the extreme pain in [his] right hip due to postponing surgery from being homeless, the malicious intent of [Hanifin and Soto] to deny RAR's to be reinstated or inspection to be rescheduled," and Hanifin's refusal to help "after finding out [his] disability caused [his] inability to effectively apartment search" which extended his homelessness by a few additional months. *Id.* at 5. Plaintiff seeks to be compensated for these violations. *Id.* Petitioner also seeks to proceed IFP. ECF No. 2.

## II.   Discussion

### A. Plaintiff May Proceed IFP

A petitioner instituting any civil action, suit, or proceeding in federal district court must pay a $350 filing fee and a $50 administrative fee. 28 U.S.C. § 1914. However, a federal district court may waive the filing and administrative fees by granting the petitioner leave to proceed IFP. 28 U.S.C. § 1915(a)(1). To proceed IFP, a petitioner must submit an affidavit that includes a statement of all assets and demonstrates an inability to pay the filing fee. 28 U.S.C. § 1915(a); *see also* Local Civ. R. 3.2. The affidavit is "sufficient where it alleges that the [petitioner] cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court." *Skelly v. U.S. Dep't of Educ.*, No. 19-CV-1812-GPC, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

Petitioner has filed an application explaining his financial circumstances under penalty of perjury. ECF No. 2. Petitioner indicates he is not employed, has not received any income within the past twelve months. *Id.* Plaintiff's sole listed asset is 3.2TL Acura motor vehicle, which he states is valued at $1,000. *Id.* at 3. In light of these affirmations, Plaintiff has "sufficiently show[ed] that he lacks the financial resources to pay filing fees." *See Dillard v. So*, No. 12-CV-2958-BTM, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013).

## B. Plaintiff's Claims Fail in Part Under 28 U.S.C. § 1915(e)(2).

A motion proceeding IFP "shall" be dismissed if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners). The Court interprets pleadings filed by pro se litigants "liberally." *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). However, Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Here, Plaintiff has failed to state a state a claim on which relief may be granted. Plaintiff has failed to cite any federal or state statute or any case law under which he brings his claim. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A district court "may dismiss a complaint on its own initiative for failure to state a claim . . . if the inadequacy of the complaint is apparent as a matter of law." *Hernandez v. McClanahan*, 996 F. Supp. 975, 979 (N.D. Cal. 1998). Since Plaintiff has failed to identify the law that supports his claims, the Court dismisses Plaintiff's complaint in full.[3]

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). To proceed

---

[3] The Court notes that in cases wherein litigants generally challenge denials of Reasonable Accommodation Requests, plaintiffs have raised challenges under Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3601 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 1201, *et seq.*, as well as other federal and state laws. *See e.g., Burgess v. Hous. Auth. of Alameda Cty.*, No. C01-04098 MJJ, 2006 WL 7347315, at *5 (N.D. Cal. Dec. 30, 2006).

5
20-cv-00614-GPC-BLM

in federal court, Petitioner must be able to demonstrate "an injury in fact, that is fairly traceable to the challenged conduct of the defendant, and that is likely to be redressed by a favorable judicial decision." *M.S. v. Brown*, 902 F.3d 1076, 1083 (9th Cir. 2018).  The Court grants Plaintiff leave to amend within the next 30 days of the publication date of this order.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).  The Court further **DISMISSES** the Third Amended Complaint as it "fails to state a claim for which relief can be granted" under 28 U.S.C. § 1915(e)(2).  Plaintiff is **GRANTED** 30 days to cure the deficiencies in his Third Amended Complaint, as outlined above, by filing a Fourth Amended Complaint and serving a copy of it on Defendants.

**IT IS SO ORDERED.**

Dated: August 4, 2020

Hon. Gonzalo P. Curiel
United States District Judge