UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE<br><br>                                 Plaintiff,<br><br>v.<br><br>ANGIE HANIFIN, SUSANA SOTO, MARGERY PIERCE, KEYSA MACHADO, AND OCEANSIDE HOUSING AUTHORITY<br><br>                                Defendants. | Case No.: 20-cv-00614-GPC<br><br>**ORDER DISMISSING THE FOURTH AMENDED COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>**[ECF No. 16.]** |

On March 31, 2020 Plaintiff Irvin Musgrove, proceeding *pro se*, initiated this action. ECF No. 1. On the same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Plaintiff sent Defendant Keysa Machado, identified as Supervisor of Oceanside Housing Authority, a request for waiver of service of summons. ECF No. 1 at 6. On May 19, 2020, Plaintiff filed a First Amended Complaint naming Angie Hanifin, Susana Soto, and Oceanside Housing Authority as Defendants. ECF No. 7. On May 20, 2020, Plaintiff filed a Second Amended Complaint naming Angie Hanifin, Susana Soto, Margery Pierce, Keysa Machado, and Oceanside Housing Authority as Defendants. ECF No. 8. Plaintiff filed a declaration of service as to Margery Pierce, ECF No. 9, and as to Keysa Machado, ECF

1

Nos. 10, 11, and as to Margery Pierce. ECF No. 12. On June 3, 2020, Plaintiff filed a Third Amended Complaint naming Angie Hanifin, Susana Soto, Margery Pierce, Keysa Machado, and Oceanside Housing Authority as Defendants. ECF No. 13. On August 4, 2020, this Court granted Plaintiff's motion to proceed IFP and *sua sponte* dismissed Plaintiff's Third Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 15. The Court granted Plaintiff 30 days to cure the deficiencies in the Third Amended Complaint. ECF No. 15. On August 5, 2020, Plaintiff filed a Fourth Amended Complaint.[1] For the following reasons, the Court **DISMISSES** Plaintiff's Fourth Amended Complaint because it fails to state a claim on which relief can be granted under § 1915(e)(2)(B).

## I. BACKGROUND

### A. First and Second Reasonable Accommodation Requests

The following facts come from Plaintiff's Fourth Amended Complaint ("4AC") filed on August 5, 2020. ECF No. 16 ("4AC"). Plaintiff alleges that in June 2018, the Oceanside Housing Authority ("OHA") and his apartment manager "had a lapse in communication" that resulted in the annual Section 8 inspection for his apartment not being scheduled. *Id.* at 3.[2] Plaintiff does not explicitly state what the inspection was for, but it appears from the face of the complaint that the inspection focused on whether certain repairs had been completed in Plaintiff's apartment at the time. *Id.* On July 3, 2018, when Plaintiff inquired why OHA had not paid its rent portion for his apartment, Plaintiff was informed that the computer system reflected that he did not want to live in the apartment anymore, even though he had told Susana Soto ("Soto"), his case manager,

---

[1] Plaintiff filed two subsequent amendments to his complaint without seeking leave of the Court. Because Plaintiff had already amended his complaint once as of right and was thus required to seek leave to amend, Fed. R. Civ. P. 15(a), the Court struck these amended complaints from the record. *See* ECF Nos. 45, 46.

[2] All page numbers refer to the CM/ECF pagination.

2

that he wanted to remain at the apartment.  *Id.*  On July 9, 2018, Plaintiff received a "'Housing Choice Voucher Termination Notice' due to a failed inspection" and that Soto confirmed the termination was due to a failed inspection.  *Id.*  Plaintiff seems to allege he called an OHA inspector, who came to the apartment to conduct the inspection, and the apartment passed.  *Id.*  On July 20, 2020, Plaintiff called Soto to "tell her the good news," but Soto informed Plaintiff "her hands were tied" and that Plaintiff's housing voucher had been terminated.  *Id.*  Plaintiff told Soto about his desire to stay in the apartment because of the hardship a move would cause to Plaintiff and Plaintiff's son, but Soto "stood firm" and told Plaintiff he needed to obtain a new housing voucher.[3]  *Id.*

Plaintiff moved out of the apartment in mid-August 2018 and was unable to get an apartment for a few months.  *Id.*  Over the course of the next 9 months, Plaintiff wrote to the OHA Director, Margery Pierce ("Pierce"), with a Reasonable Accommodation Request ("RAR").  *Id.*  Plaintiff alleges Pierce never answered and only managed "to pass us off" to Pierce's supervisor, Angie Hanifin ("Hanifin").  *Id.* at 4.

Because of Plaintiff's housing voucher termination, Plaintiff and Plaintiff's son did not have housing for the subsequent year and a half.  *Id.*  Child Protective Services took custody of Plaintiff's son.  *Id.*

### B. Third Reasonable Accommodation Request

Plaintiff states that Plaintiff's psychiatrist informed him that he had post-traumatic stress disorder ("PTSD"), and then Plaintiff's psychiatrist made an RAR to Pierce on Plaintiff's behalf.  *Id.*  This resulted in a meeting between Plaintiff and Hanifin at an unidentified time.  *Id.*  Hanifin apparently told Plaintiff that OHA is not required to help Plaintiff and that doing so would cause a "fundamental alteration" of OHA's program.  *Id.*  This RAR was denied because Plaintiff's psychiatrist "hadn't met the 'nexus'

---

[3] It is not clear from the 4AC whether Plaintiff is alleging that he made a Reasonable Accommodation Request to Soto.

3

requirement of a Reasonable Accommodation." *Id.* Plaintiff is unsatisfied by this explanation because Plaintiff's request is for assistance in finding an apartment, namely "for any staff member to call 2 or 3 apartment managers," given that OHA's "foundation is built on landlord encounters & communication." *Id.* Plaintiff states he has now secured housing through the San Diego County Housing Authority and has recently regained custody of his son. *Id.*

Plaintiff seeks relief for the over 18-month period during which he experienced homelessness, the 12-month period during which his family "had been torn apart," the "traumatic affects [sic] homelessness [and] 12+ months that CPS custody has had on [his son], and the two year period he had to endure with "extreme pain in [his] hip that was in need of surgery." *Id.* at 5. Plaintiff does not explicitly mention a cause for these damages but points that Plaintiff and his son "deserve to be substantially compensated not only for the damages & pain, but also for being victimized by those sworn to protect our civil rights . . . "

## II.   DISCUSSION

### A. Plaintiff's Complaint Fails to State a Claim and thus Must be Dismissed Pursuant to 28 U.S.C. § 1915(e)(2)(B).

An action filed by a litigant proceeding IFP "shall" be dismissed if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners). When considering the pleadings of *pro se* litigants, the Court interprets pleadings "liberally." *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016). In giving liberal interpretation to a *pro se* civil rights complaint, however, courts may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In the 4AC, Plaintiff fails to state a claim on which relief may be granted. It appears from the face of the 4AC that Plaintiff is asking for damages from hardships encountered because Defendants rejected his RARs. While Plaintiff cites Section 504 of the Rehabilitation Act in the 4AC's civil cover sheet, he does not expound on its relevance as applied to the facts of the case. Section 504 generally provides that "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *Mark H. v. Hamamoto*, 620 F.3d 1090, 1097 (9th Cir. 2010). A private right of action under Section 504 exists when a plaintiff shows that an organization that receives federal funds violated Section 504 "intentionally or with deliberate indifference . . . discriminated against, excluded, or denied the benefits of a public program to a qualified person with a disability." *Id.* at 1096 (internal quotation marks omitted). Plaintiff does not explain how the events he describes fit the elements of a damages claim under Section 504. A district court "may dismiss a complaint on its own initiative for failure to state a claim . . . if the inadequacy of the complaint is apparent as a matter of law." *Hernandez v. McClanahan*, 996 F. Supp. 975, 979 (N.D. Cal. 1998). Because the 4AC, despite a liberal reading, fails to establish a connection between the facts and the law, the Court dismisses the FAC.

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 10 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 803 F.2d 1446, 1448 (9th Cir. 1987)). However, where amendment of a *pro se* litigant's complaint would be futile, denial of leave to amend is appropriate. *See James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). The Court will therefore grant Plaintiff leave to amend, and Plaintiff must file a Fifth Amended Complaint within 30 days of the publication date of this order. The Court

cautions Plaintiff that further failures to cure the deficiencies in his complaint may lead to dismissal without leave to amend. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

### III. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the Fourth Amended Complaint as it "fails to state a claim on which relief can be granted" under 28 U.S.C. § 1915(e)(2). Plaintiff is **GRANTED** 30 days to cure the deficiencies in his Fourth Amended Complained, as outlined above, by filing a Fifth Amended Complaint and serving a copy of it on defendants.

Plaintiff is reminded that after filing his Fifth Amended Complaint, should he wish to file a Sixth Amended Complaint, he must seek leave of the Court or consent of the opposing parties. Fed. R. Civ. P. 15(a).

**IT IS SO ORDERED.**

Dated: January 25, 2021

Hon. Gonzalo P. Curiel
United States District Judge