UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANGIE HANIFIN, SUSANA SOTO, MARGERY PIERCE, KEYSA MACHADO, AND OCEANSIDE HOUSING AUTHORITY<br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-00614-GPC<br><br>**ORDER DENYING REQUEST FOR ENTRY OF CLERK DEFAULT AND MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>[ECF Nos. 59–63, 70–74.] |

On February 24, 2021, Plaintiff Irving Musgrove filed requests for entry of clerk default against Defendants Angie Hanifin, Keysa Machado, Margery Pierce, Oceanside Housing Authority ("OHA"), and Susana Sandoval-Soto. ECF Nos. 59–63. On February 26, 2021, Plaintiff filed motions for default judgment against the same Defendants.[1] ECF Nos. 70–74. For the following reasons, the Court DENIES the request for entry of clerk default and the motions for default judgment without prejudice.

---

[1] Plaintiff has also filed requests for entry of clerk default judgment. ECF Nos. 64–68. Because Plaintiff's claim is not for a sum certain, Plaintiff cannot obtain a default judgment from the clerk. Fed. R. Civ. P. 55(b)(1).

1

## I. DISCUSSION

Federal Rule of Civil Procedure ("Rule") 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). Rule 55 involves a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

**A. Failure to Obtain Default and Effect Service of Process**

Here, Plaintiff has filed applications to enter default but not yet obtained a default from the Clerk. ECF Nos. 59–63. In order to obtain default from the Clerk of Court, a plaintiff must submit proof that the defendant has been properly served and failed to respond. *See Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, No. C-09-01589-CW (DMR), 2010 WL 2219595, at *3–4 (N.D. Cal. June 2, 2010). Plaintiff has not submitted proof that Defendants have been properly served under either the Federal Rules or California law, so any default based on the materials submitted by Plaintiff thus far would have to be set aside. *Muhammad v. California*, No. C 10-1449 SBA, 2011 WL 873151, at *11 (N.D. Cal. Mar. 11, 2011). Additionally, the Court cannot enter a default judgment against a defendant that has not been properly served. *See Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Even if a plaintiff obtains default, the decision to enter a default judgment is within the Court's discretion. *See Eitel*, 782 F.2d at 1471–72.

    i.    <u>Service on Individual Defendants</u>

Plaintiff has not shown he has properly served Hanifin, Machado, Pierce, or Sandoval-Soto ("Individual Defendants"). Under Rule 4, a plaintiff may effect service on an individual by either following state law for service of summons or by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of

2

suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Here, in Plaintiff's requests for entry of default, he has indicated that he effected personal service on defendants. ECF Nos. 59–63. However, the proofs of service he filed indicate either that the process server left the summons with Amanda Segobiano, who he states is designated by law to accept service of process on behalf of OHA, or left it in a "drop box" outside of the OHA office. ECF Nos. 51–56 (indicating that process was left with Ms. Segobanio but also writing that "OHA only accepts documents from their drop box"). Plaintiff therefore does not appear to have effected personal service on any of the Individual Defendants. Plaintiff also has not shown that Ms. Segobiano is authorized by appointment or by law to receive service of process on any of the Individual Defendants' behalf. Therefore, Plaintiff has not satisfied the requirements for service under the methods prescribed by the federal rule, and service would only be proper if Plaintiff complied with California law.

Under California law, service may be effected by personal delivery.[2] Cal. Code Civ. P. § 415.10. Otherwise, a plaintiff may effect "substitute service" on an individual by leaving a copy of the summons and complaint at the defendant's "house, usual place of abode, usual place of business, or usual mailing address . . . in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address" who is at least 18 years of age and informed of what the papers are. Cal. Code Civ. P. § 415.20(b). The plaintiff must then mail a copy of the summons and complaint "by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Id.*

---

[2] A defendant may also be served by mail with the summons, complaint, and notice and acknowledgement form pursuant to Section 415.30, but the service will not be effective unless the defendant executes and returns the acknowledgement. Cal. Code Civ. P. § 415.30.

3

1  However, the plaintiff must show that he or she demonstrated reasonable diligence in
2  attempting to effect direct service before substitute service is permitted. See Cal. Code
3  Civ. P. § 415.20(b); *Evartt v. Superior Court*, 89 Cal. App. 3d 795, 801 (1979); *Giannini*
4  *v. Real*, 711 F. Supp. 992, 998 (C.D. Cal. 1989), *aff'd*, 911 F.2d 354 (9th Cir. 1990).

5        Plaintiff does not state whether or not he attempted personal service.  While what
6  counts as "reasonable diligence" varies case by case, courts typically find that two or
7  three reasonable attempts to personally serve a defendant at a proper place qualify as
8  "reasonable diligence."  *See Rodriguez v. Cho*, 236 Cal. App. 4th 742 (2015) (quoting
9  *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389 (2011)).  As Plaintiff
10 has not explained his failure to personally serve the Individual Defendants, he has not
11 presented facts that show that he exercised reasonable diligence such that substitute
12 service would be allowed.  *Cf. Burchett v. City of Newport Beach*, 33 Cal. App. 4th 1472,
13 1477–78 (1995) (finding no diligence where plaintiff did not attempt personal service on
14 public officials and merely left documents with a deputy clerk).  Even if he had exercised
15 diligence, Plaintiff has not shown that Ms. Segobanio is the person "apparently in
16 charge" of the OHA, or that he subsequently mailed a copy of the summons and
17 complaint to the OHA.

18       The Court therefore finds that Plaintiff has not properly served the Individual
19 Defendants under Rule 4(e) or California law.

20       ii.    <u>Service on Oceanside Housing Authority</u>

21       Plaintiff likewise has not shown he has properly served the OHA.  It appears that
22 the OHA is a municipal agency of the City of Oceanside.[3]  To effect service on a "state-

---

[3] The Court bases this assumption on the information provided in the complaint, but does not intend to make a finding as to the actual legal status of OHA.  If OHA is instead a corporation, partnership, or association, Plaintiff still has not served a copy of the summons and complaint on "an officer a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of the entity.  Fed. R. Civ. P. 4(h).

created governmental organization," a plaintiff can either follow state law or deliver a copy of the summons and complaint to its chief executive officer. Fed. R. Civ. P. 4(j). Plaintiff does not contend that Ms. Segobiano is the chief executive officer of OHA, so service would only be proper if Plaintiff complied with California law.

California law provides that service upon a public entity may be made "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code Civ. P. § 416.50(a). A plaintiff may alternatively effect substitute service on an entity by leaving a copy of the summons and complaint during usual office hours at the entity's office with the person who is apparently in charge and by thereafter mailing a copy of the summons and complaint to the same address. Cal. Code Civ. P. § 415.20(a).

Plaintiff has not met the requirements of Section 416.50 because it does not appear from the record that Ms. Segobanio is a "clerk, secretary, president, presiding officer, or other head of [the] governing body" of the City of Oceanside or OHA. Cal. Code Civ. P. § 416.50(a); *see Muhammad*, 2011 WL 873151 at *11. Plaintiff has also failed to accomplish "substitute service" by failing to (1) show that Ms. Segobiano was "apparently in charge" of the office; and (2) mail a copy of the summonses and complaint to OHA. *See* Cal. Civ. P. Code. § 415.20(a).

**B. Failure to Explain Grounds for Default Judgment**

Plaintiff has also not provided any argument is support of his motion for default judgment. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Plaintiff has not addressed any of these factors, and thus the Court would not

5

exercise its discretion to enter a default judgment against defendants even had they been properly served.

## II. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's request for entry of clerk default and motion for default judgment without prejudice.

Plaintiff is reminded that he must properly effect service of the complaint on Defendants, using one of the methods prescribed in Rule 4 or under California law, within 90 days after the filing of his amended complaint or the Court may dismiss the action. *See* Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Dated:  March 3, 2021

Hon. Gonzalo P. Curiel
United States District Judge

CC: Oceanside City Attorney