Office of the City Attorney
JOHN P. MULLEN
City Attorney, CA Bar No. 160510
**Barbara Hamilton**
**Assistant City Attorney, CA Bar No. 163806**
**Lisa Ricksecker**
**Sr. Deputy City Attorney, CA Bar No. 201746**
300 North Coast Highway
Oceanside, CA 92054
(760) 435-3969 FAX: (760) 439-3877

Attorneys for Defendants
Angie Hanifin, Margery Pierce, Keysa Machado,
Susana Sandoval-Soto and Oceanside Housing Authority

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE<br><br>Plaintiff,<br><br>v.<br><br>ANGIE HANIFIN, MARGERY PIERCE, KEYSA MACHADO, SUSANA SANDOVAL-SOTO, AND OCEANSIDE HOUSING AUTHORITY<br><br>Defendants. | CASE NO.: 20-cv-00614-GPC<br><br>ACTION FILED: March 31, 2020<br><br>**DEFENDANTS'MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS UNDER RULES 12(b)(6) AND 41(b) OF FEDERAL RULES OF CIVIL PROCEDURE, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT (12(e))**<br><br>DATE: October 15, 2021<br>TIME: 1:30 p.m.<br>DEPT: 333 West Broadway<br>       San Diego, CA 92101<br>       Courtroom 2D<br>JUDGE: Hon. Gonzalo P. Curiel |

THIS PAGE INTENTIONALLY BLANK

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 4

II. THE SIXTH AMENDED COMPLAINT, ABSENT EXHIBITS, FAILS TO DESCRIBE THE RELIEF PLAINTIFF SEEKS AND SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................................................... 5

III. IF THE ATTACHMENTS TO THE SIXTH AMENDED COMPLAINT ARE CONSIDERED, THE ACTION SHOULD BE DISMISSED BECAUSE CONTENT IN THE ATTACHMENTS CONTRADICTS THE FUNDAMENTAL ALLEGATIONS IN THE BODY OF THE COMPLAINT ................................................................................. 6

    1. Plaintiff's Allegation that the Section 8 Housing Voucher Was Terminated is Contradicted by His Own Exhibits ……………………………………………………..8

    2. Plaintiff's Allegation that OHA Denied His RAR is Contradicted by His Own Exhibits ……………………………………………………………………………………8

    3. Plaintiff Fails to State a Claim That He Was Denied Any Benefits Solely by Reason of His Disability ……………………………………………………………………10

IV. THE SIXTH AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS .......................................................................... 11

    A. Susana Sandoval-Soto ...................................................................................... 11

    B. Keysa Machado ................................................................................................ 12

    C. Angie Hanifin ................................................................................................... 12

    D. Margery Pierce ................................................................................................. 13

V. LEAVE TO FILE A SEVENTH AMENDED COMPLAINT SHOULD NOT BE GRANTED BECAUSE PLAINTIFF CANNOT TRUTHFULLY ALLEGE A LEGALLY COGNIZABLE CLAIM AGAINST DEFENDANTS ................................................... 13

VI. CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Am. Council of the Blind v. Paulson*, 525 F.3d 1256 ........................................................... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 ........................................................................................... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 .......................................................................... 11

*Doe v. Pfrommer*, 148 F.3d 73 ............................................................................................. 7

*Flight v. Gloeckler*, 68 F.3d 61 ............................................................................................ 7

*McHenry v. Renne*, 84 F.3d 1172 ..................................................................................... 5, 6

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 ....................................................................... 13

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 ................................................. 13

*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F3d 979 ......................................... 8

*Taylor v. The Housing Authority of New Haven*, 267 F.R.D. 36 ......................................... 7

*Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053 ............................... 13

*Thompson v. Illinois Dept. of Professional Regulation* (7th Cir. 2002) 300 F3d 750 ......... 7

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.* (5th Cir. 2004) 355 F3d 370 ...... 8

*Vinson v. Thomas*, 288 F.3d 1145 ...................................................................................... 11

**Statutes**

29 U.S.C. § 794(b) ................................................................................................................ 6

**Rules**

FRCP Rule 8(a)(3 ......................................................................................................... 4, 5, 6

3
20-cv-00614-GPC – DEFENDANTS' MOTION TO DISMISS – MEMORANDUM OF Ps AND As

## I. INTRODUCTION

This action arises from Plaintiff's participation in the Section 8 Housing Choice Voucher Program administered by the Oceanside Housing Authority. The gravamen of Plaintiff's claim is that his voucher was terminated and he was denied the benefits of the program because Defendants failed to grant his requests for reasonable accommodation due to his disabilities. However, Plaintiff appears to confuse and conflate his Housing Choice Voucher with the particular Housing Assistance Payment ("HAP") agreement among him, his then-landlord and the Housing Authority. In fact, and as demonstrated by a close review of the exhibits to the operative complaint, Plaintiff's voucher was never terminated, and Defendants accommodated his many requests for assistance in accessing the benefits of the program. Thus, Plaintiff has not stated and cannot truthfully state a claim for relief against Defendants.

On June 10, 2021, five copies of the Sixth Amended Complaint ("SAC"), without exhibits, were delivered to the Oceanside City Clerk's Office. Each copy of the Sixth Amended Complaint was accompanied by a Summons in a Civil Action for a "Third Amended Complaint," with each such summons addressed to each of the named defendants herein (Angie Hanifin, Margery Pierce, Keysa Machado, Susana Sandoval-Soto, and Oceanside Housing Authority). The Sixth Amended Complaint, as so received, fails to state a claim upon which relief may be granted. Without reference to the exhibits to the Complaint, the Sixth Amended Complaint fails to state what relief the Plaintiff seeks as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure ("FRCP"), and Defendants therefore request that the action be dismissed pursuant to FRCP Rule 12(b)(6). Dismissal is also warranted under FRCP Rule 41(b) to the extent the failure to attach any exhibits to the Sixth Amended Complaint was due to Plaintiff's failure to comply with the court's order.

If the exhibits to the Sixth Amended Complaint are considered, the action should be dismissed pursuant to FRCP Rule 12(b)(6) because the contents of those attachments

contradict Plaintiff's allegations in the body of the pleading and demonstrate that his housing voucher was not in fact terminated and was actually extended several times to allow Plaintiff's continued participation in the Section 8 Housing Choice Voucher program. Thus, the Sixth Amended Complaint fails to state a legally cognizable claim against any of the defendants and should be dismissed.

As regards the individual defendants, who are presumably sued in their official capacities, the Sixth Amended Complaint fails to allege facts specific to each individual which, accepted as true for purposes of this motion, state a claim for relief under any legal theory. Because there is no basis for liability under the facts pled against Defendants Hanifin, Pierce, Machado and Sandoval-Soto, dismissal of those individual defendants is warranted, at a minimum.

Based on the face of the Sixth Amended Complaint, Plaintiff has not stated a viable claim for relief. Further amendment of the pleadings would not cure this fundamental defect, because the true facts are that Defendants administered the Housing Choice Voucher program fairly as to the Plaintiff, in compliance with applicable laws and the local Administrative Plan. As such, no set of facts can be proved that would constitute a valid claim, and granting leave to further amend the complaint would be futile. Defendants therefore respectfully request that the 6th Amended Complaint be dismissed without leave to amend.

## II. THE SIXTH AMENDED COMPLAINT, ABSENT EXHIBITS, FAILS TO DESCRIBE THE RELIEF PLAINTIFF SEEKS AND SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

FRCP Rule 8(a)(3) requires that a complaint must contain "a demand for the relief sought." A well-pleaded complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Absent this element, a complaint is subject to dismissal for failure to state a claim pursuant to FRCP Rule 12(b)(6). Nowhere in the body of the Sixth

Amended Complaint does the plaintiff state what relief he is seeking for the wrongs he alleges were perpetrated against him. Although the plaintiff has separately filed a number of documents, including "Statement[s] of Damages," which the Court has identified as appearing to be intended as attachments to the Sixth Amended Complaint (see fn. 1 of Order Directing U.S. Marshal to Effect Service of Sixth Amended Complaint, ECF No. 104), those documents were not included in the papers served on Defendants. As described in the Declaration of Maddison Zafra submitted herewith, the only documents delivered to the Oceanside City Clerk on June 10, 2021, were the Summons addressed to each named defendant and the Sixth Amended Complaint, without any attachments. This Court's Order (ECF No. 104) specifically directed that "copies of the attachments to the Complaint (ECF Nos. 96, 97, 98, 99, 100, 101, 102, 103)" be included in Plaintiff's "IFP Package" to be returned to the U.S. Marshal for service on Defendants.

Without the attachments to the Sixth Amended Complaint, that document wholly fails to identify what relief Plaintiff is seeking, as required by FRCP Rule 8(a)(3), rendering the pleading insufficient and justifying dismissal under FRCP Rule 12(b)(6) for failure to state a claim. To the extent the Plaintiff was responsible for the failure to serve the attachments on Defendants, dismissal of the action is also warranted under FRCP Rule 41(b) for failure to comply with the court's order. See, *McHenry*, 84 F.3d at 1178-1179.

### III. IF THE ATTACHMENTS TO THE SIXTH AMENDED COMPLAINT ARE CONSIDERED, THE ACTION SHOULD BE DISMISSED BECAUSE CONTENT IN THE ATTACHMENTS CONTRADICTS THE FUNDAMENTAL ALLEGATIONS IN THE BODY OF THE COMPLAINT

If the attachments to the SAC are considered, the action must be dismissed because Plaintiff has not properly alleged a §504 violation. 29 U.S.C. § 794(b). "In order to establish a violation of §504 of the Rehabilitation Act, a plaintiff must show: (1) that he has a disability for purposes of the Rehabilitation Act; (2) that he was 'otherwise

qualified' for the benefit that has been denied; (3) that he has been denied the benefits 'solely by reason' of his disability; and (4) that the benefit is part of a 'program or activity receiving Federal financial assistance.' " *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998) (citing *Flight v. Gloeckler*, 68 F.3d 61, 64 (2d Cir. 1995). "[T]he central purpose of the ADA and §504 of the Rehabilitation Act is to assure that disabled individuals receive 'evenhanded treatment' in relation to the able-bodied." *Doe*, 148 F.3d at 83. Accordingly, "the relevant inquiry in a Section 504 case is of the benefits provided to disabled people 'as compared to the benefits given to a non-[disabled] individual.' " *Taylor v. The Housing Authority of New Haven*, 267 F.R.D. 36, 53 (D. Conn. 2010) (quoting *Doe*, 148 F.3d at 83) aff'd per curiam 645 F.3d 152 (2d Cir. 2011) (emphasis added). In other words, "Section 504 does not provide a right of action to bring 'a challenge to the scope of a non-discriminatory program.' " *Taylor*, 267 F.R.D. at 53 (citing *Am. Council of the Blind v. Paulson*, 525 F.3d 1256, 1268 (D.C. Cir. 2008).

Here, the gravamen of Plaintiff's claim is that his Section 8 housing voucher was terminated on July 9, 2018, and that as a result he lost the benefits of the housing program. (SAC p. 2, ¶¶19-20). However, this is not accurate. Defendants never terminated Plaintiff's housing voucher and thus Plaintiff never lost the benefits of the Section 8 housing program. In fact, Plaintiff's housing voucher was extended on numerous occasions by Defendants as a reasonable accommodation. (SAC, Exhibit "8"). Plaintiff eventually ported to the San Diego County Housing Authority and is still part of the housing voucher program.

**A)     Plaintiff's Own Exhibits Contradict that Any Reasonable Accommodation Request (RAR) Was Denied or that Any §504 Violation Took Place**

The Court may disregard allegations in the complaint if contradicted by facts established by reference to other documents attached as exhibits to the complaint. *Thompson v. Illinois Dept. of Professional Regulation* (7th Cir. 2002) 300 F3d 750, 754.

When contradiction exists, "the exhibit trumps the allegations" (emphasis in original, internal quotes omitted); *United States ex rel. Riley v. St. Luke's Episcopal Hosp.* (5th Cir. 2004) 355 F3d 370, 377; *Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F3d 979, 988.

Here, Plaintiff's exhibits do not support his allegations that: a) his Section 8 housing voucher was terminated and b) OHA denied Plaintiff's RAR.

### 1. Plaintiff's Allegation that the Section 8 Housing Voucher Was Terminated is Contradicted by His Own Exhibits

Plaintiff alleges that his Section 8 housing voucher was terminated on July 9, 2018. (SAC, p. 2, ¶¶19-20). However, this is not true. Defendants never terminated Plaintiff's housing voucher and thus Plaintiff never lost the benefits of the Section 8 housing program. In fact, Defendants extended Plaintiff's housing voucher on numerous occasions as a reasonable accommodation. (SAC, Exhibit "8"). Plaintiff's claim of voucher termination is contradicted by Exhibit 8 [email from Angie Hanifin to Mr. Musgrove dated April 4, 2019] that postdates the alleged voucher termination. In this email it is clear that the voucher is still active as Plaintiff is requesting a further extension and that OHA has extended Plaintiff's voucher on numerous occasions and "far longer than allowed by administrative policy." (Exhibit "8"). If this fundamental allegation is not true and Plaintiff was never terminated from the program, Plaintiff has not sufficiently alleged that he is entitled to any relief and even if granted leave to amend, would still be unable to state a claim for relief. In fact, the exhibits show that OHA went above and beyond for Plaintiff and extended Plaintiff's voucher far longer than even allowed by their own administrative policy.

### 2. Plaintiff's Allegation that OHA Denied His RAR is Contradicted by His Own Exhibits

Here, Plaintiff alleges in his Sixth Amended Complaint that his psychiatrist helped him submit a Reasonable Accommodation Request (RAR) that requested OHA to aid in

contacting property managers, and that OHA denied this request. (SAC, p. 7, lines 3-7.) However, a careful review of Plaintiff's exhibits supporting these allegations demonstrates this is not accurate, as the content of the exhibits contradicts these allegations.[1]

Specifically, the March 25, 2019, letter from Plaintiff's psychiatrist, Dr. Shayna Walker, to Margery Pierce at OHA states only that "due to his medical disabilities client will need assistance with finding and obtaining housing." (Exhibit 6). OHA did not deny this request. Instead, as Exhibit 8 demonstrates, Angie Hanifin at OHA responded to Plaintiff via email on April 4, 2019, advising that the Housing Authority had received his "request for extension and reasonable accommodation". (Exhibit 8). The email further states that "additional information is needed as you (plaintiff) have already had 9 months to find a unit, far longer than allowed by our administrative policy." (Exhibit 8). This email makes it clear that OHA did not refuse Plaintiff's RAR but rather requested additional information and provided as much information as possible and in compliance with applicable laws and the local Administrative Plan. (Exhibit 8). This assistance included providing Plaintiff with resources who could have assisted him in making first contacts, including websites with property listings and a list of property management companies and apartment complexes that regularly work with the HCV program. In addition, OHA provided Plaintiff with the Community Resources for Persons with Disabilities packet that included lists of helpful community agencies and a list of apartment complexes known to have accessible units. (Exhibit 8).

---

[1] Plaintiff's claim of discrimination arising from the denial of the Reasonable Accommodation Request relating to the ability to contact apartment managers or termination of his housing voucher has also been officially investigated and found to be unfounded by the U.S. Department of Housing and Urban Development ("HUD"). [Defendant's Request for Judicial Notice, Exhibit 1, HUD's Determination of No Reasonable Cause (Title VIII) Letter of Finding (Section 504 and ADA) and Final Letter of Determination.]

On April 25, 2019, Ms. Hanifin emailed Plaintiff and Judy Davis of LASSD requesting "more information to determine if (your) Reasonable Accommodation request can be granted." This was in no way a denial and was also not a termination of Plaintiff's voucher as Plaintiff inaccurately alleges in his Sixth Amended Complaint. (SAC p. 4, ¶¶1-3). Plaintiff appears to confuse the termination of his Housing Choice Voucher with the particular Housing Assistance Payment ("HAP") agreement among him, his then-landlord and the Housing Authority that was terminated because repairs were not made within a 30-day period as required by HUD (US Department of Housing and Urban Development who funds the Section 8 program). Exhibit 25 demonstrates that Plaintiff's complex was in fact given "more than two months to make the repairs" but was terminated as the Housing Authority was not notified that the repairs had been made prior to June 30, 2018. (Exhibit 25).

There is no evidence in any of the exhibits to Plaintiff's Sixth Amended Complaint that Defendants ever denied Plaintiff's Reasonable Accommodation Requests. On the contrary, these exhibits contradict Plaintiff's allegations and demonstrate instead that Defendants more than accommodated Plaintiff's many requests for assistance in accessing the benefits of the program.

**3. Plaintiff Fails to State a Claim That He Was Denied Any Benefits Solely by Reason of His Disability**

In order to establish a Section 504 violation, Plaintiff must allege that he has been denied the benefits 'solely by reason' of his disability.

Here, Plaintiff's exhibits demonstrate that Plaintiff was not denied any benefits by reason of his disability or otherwise. Plaintiff's housing voucher was never terminated and Defendants accommodated his many requests for assistance in accessing the benefits of the housing program. Coupled together these exhibits also establish that Plaintiff cannot possibly meet a required element under Section 504 – that he was denied any benefits solely by reason of his disability.

## IV. THE SIXTH AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS

Although Plaintiff has not specified, it appears that he has named the individual defendants in their official capacities, as employees of the Oceanside Housing Authority acting within the course and scope of their employment. Plaintiff alleges, "The hateful & immoral actions taken against my family weren't done by an awful organization or entity; these actions were done by sinister individual's [sic] within that organization or entity." (SAC, p.7, lines 20-21.)

It is clear that Plaintiff may not proceed against Defendants Sandoval-Soto, Machado, Hanifin and Pierce in their individual capacities. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Moreover, Plaintiff's specific factual allegations against each of the individual defendants are insufficient to state a claim as to any of them, even in their official capacities. FRCP Rule 8(a)(2) provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading is not well pled if the complaint "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting *Twombly*, 550 U.S. at 557). Plaintiff's allegations against the individual defendants fail to meet this basic standard.

**A.  Susana Sandoval-Soto**

Plaintiff's claim involving Susana Sandoval-Soto is that the HAP agreement for his unit was terminated on June 30, 2018, because the unit did not pass inspection and required repairs were not timely completed. As noted above, Plaintiff mischaracterizes the termination of the HAP agreement as a termination of his voucher, which did not in fact occur. Further, his allegations against Sandoval-Soto are only that she communicated

to him that "her hands were tied" and that she was unable to reinstate the HAP agreement after he informed her that he believed the unit had passed inspection. (SAC, p. 3).

Plaintiff fails to state any facts as to whether he requested a disability accommodation from Ms. Sandoval-Soto and if so, what accommodation and for what disability. He also fails to allege any facts as to why the cancellation of the HAP agreement relates to his disability rather than the failure of the unit to pass inspection within the required time frame.

**B.     Keysa Machado**

Plaintiff's factual allegations against Keysa Machado are even more attenuated. The Sixth Amended Complaint only briefly mentions two interactions with Ms. Machado, and neither relates to the Plaintiff's central claim. His allegations regarding Ms. Machado on page 4, lines 15-16, relate to a situation with a completely different Section 8 participant, and his allegations on page 5 concern an incident that occurred in 2014, completely unrelated to Plaintiff's present claims. Thus, there is no basis for any claims against Ms. Machado and she should be dismissed from this action.

**C.     Angie Hanifin**

Plaintiff's allegations against Angie Hanifin on pages 6-7 of the Sixth Amended Complaint concern his claims that Defendants terminated his voucher and denied his requests for reasonable accommodation. As set forth in Section III above, his allegations in the body of the Sixth Amended Complaint are contradicted by email messages from Ms. Hanifin contained in attachments to the SAC. (ECF No. 96-1). Specifically, Plaintiff alleges that in a meeting with Ms. Hanifin on April 15, 2019, she "said they were refusing the RAR because I'd need help from an outside source." (SAC, p. 7). Yet emails from Ms. Hanifin dated April 4, 2019, and April 17, 2019: (1) confirm that Plaintiff's HAP agreement (not his voucher) was terminated, (2) request more information regarding Plaintiff's reasonable accommodation requests and (3) refer him to other resources who may be able to help him initiate contact with potential landlords. (Exhibits 8 and 25).

### D.      Margery Pierce

Plaintiff's allegations as to Margery Pierce are limited to descriptions of background conversations he had with her several years ago unrelated to his present claims (SAC, p. 5), and his impression that she had maliciously disregarded his "numerous requests for help." (SAC, p.8). These conclusory allegations, without supporting factual detail, do not meet the pleading standard of FRCP Rule 8, and the Sixth Amended Complaint therefore fails to state a claim against Ms. Pierce.

## V.     LEAVE TO FILE A SEVENTH AMENDED COMPLAINT SHOULD NOT BE GRANTED BECAUSE PLAINTIFF CANNOT TRUTHFULLY ALLEGE A LEGALLY COGNIZABLE CLAIM AGAINST DEFENDANTS

Leave to amend may be denied where amendment would be futile. A "district court does not err in denying leave to amend where the amendment would be futile." *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998). "Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

Here, Plaintiff simply cannot truthfully allege facts that would constitute a valid claim against the Oceanside Housing Authority or its employees.  The pleadings and papers already on file demonstrate that Defendants never terminated his Housing Choice Voucher, and Plaintiff's requests for reasonable accommodation were duly considered and granted to the extent allowed by applicable laws and guidelines.

///

///

///

## VI. CONCLUSION

For all the reasons set forth above, Defendants respectfully request that the Sixth Amended Complaint be dismissed without leave to further amend.  Alternatively, Plaintiff should be ordered to provide a more definite statement because the Sixth Amended Complaint is so vague and ambiguous the Defendants cannot reasonably prepare a response

DATED:  July 1, 2021   CITY OF OCEANSIDE
OFFICE OF THE CITY ATTORNEY


By:   *s/ Lisa L. Ricksecker*
BARBARA L. HAMILTON
LISA L. RICKSECKER
Attorneys for Defendants