Office of the City Attorney
JOHN P. MULLEN
City Attorney, CA Bar No. 160510
**Barbara Hamilton**
**Assistant City Attorney, CA Bar No. 163806**
**Lisa Ricksecker**
**Sr. Deputy City Attorney, CA Bar No. 201746**
300 North Coast Highway
Oceanside, CA  92054
(760) 435-3969 FAX: (760) 439-3877

Attorneys for Defendants
Angie Hanifin, Margery Pierce, Keysa Machado,
Susana Sandoval-Soto and Oceanside Housing Authority

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE<br><br>                   Plaintiff,<br><br>v.<br><br>ANGIE HANIFIN, MARGERY PIERCE, KEYSA MACHADO, SUSANA SANDOVAL-SOTO, AND OCEANSIDE HOUSING AUTHORITY<br><br>                   Defendants. | CASE NO.: 20-cv-00614-GPC<br><br>ACTION FILED:  June 4, 2021<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) AND 41(b), OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT (12(e))**<br><br>DATE:  October 15, 2021<br>TIME:  1:30 p.m.<br>DEPT:  333 West Broadway<br>        San Diego, CA 92101<br>        Courtroom 2D<br>JUDGE:  Hon. Gonzalo P. Curiel |

THIS PAGE INTENTIONALLY BLANK

Defendants, by and through their attorneys, hereby request the Court take judicial notice pursuant to FRCP 201 of the following facts [1]:

1. Plaintiff's claim of discrimination arising from the denial of the Reasonable Accommodation Request relating to ability to contact apartment managers or termination of his housing voucher has been officially investigated and found to be unfounded by the U.S. Department of Housing and Urban Development ("HUD"). Attached hereto as Exhibit 1 is HUD's Determination of No Reasonable Cause (Title VIII) Letter of Finding (Section 504 and ADA) and Final Letter of Determination.

Exhibit 1 may be judicially noticed as facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. Rules Evid., rule 201. Exhibit 1 is an official record of finding by HUD.

DATED: July 1, 2021

CITY OF OCEANSIDE
OFFICE OF THE CITY ATTORNEY

By: <u>s/ Lisa L. Ricksecker</u>

BARBARA L. HAMILTON
LISA L. RICKSECKER
Attorneys for Defendants

---

[1] Generally, "a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion. However, '[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not 'subject to reasonable dispute.'" *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (*quoting Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001).

# Exhibit 1



U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity – Region IX
One Sansome Street, Suite 1200
San Francisco, California 94104-4430
Voice: (800) 347-3739 (415) 489-6400
TTY: (415) 489-6564 Fax: (415) 489-6560
www.hud.gov espanol.hud.gov

City of Oceanside Housing Authority
300 North Coast Highway
Oceanside, CA 92054-2885

SUBJECT:         Housing Discrimination Complainant
CASE NAME:       *Musgrove, Irvin v. City of Oceanside Housing Authority, et al.*
CASE NUMBERS:    09-19-6963-8 (Title VIII)
                 09-19-6963-4 (Section 504)
                 09-19-6963-D (ADA)

<u>DETERMINATION OF NO REASONABLE CAUSE (Title VIII)</u>
<u>LETTER OF FINDING (Section 504 and ADA)</u>

Dear Respondent:

The Department of Housing and Urban Development ("the **Department**") administers the Fair Housing Act ("the Act"). The Department has completed its investigation of the subject complaint which was filed under the Act. Informal efforts to resolve the case during the investigation were unsuccessful.

Based on the evidence obtained during the investigation, the Department has determined that reasonable cause does not exist to believe that a discriminatory housing practice has occurred under the Act. Our determination with regard to the Act pertains only to the specific matters addressed in the subject complaint investigation. Further, the Department has determined that the respondents did not violate **Section 504 of the Rehabilitation Act of 1973 ("Section 504")** or Title II of the Americans with Disabilities Act of 1990 ("ADA"). Accordingly, the above-referenced complaints are hereby dismissed. A summary of the evidence on which this determination is based is enclosed with this letter. This dismissal does not prevent you from filing another complaint with HUD based on newly discovered or previously unavailable information provided the one-year time limit for filing a complaint has not expired.

Please be advised that our determination with regard to Section 504 and ADA pertains only to the specific matters addressed in the subject complaint investigation. Should other jurisdictional complaints be filed against a respondent, the respondent will be subject to a Section 504 and ADA investigation. A respondent/recipient or complainant may request a review of the Section 504 Preliminary Letter of Findings ("LOF") by the Department's Assistant Secretary for the Office of Fair Housing and Equal Opportunity, room 5100, U.S. Department of Housing and Urban Development, 451 7th Street, SW, Washington, DC 20410. A request must be made within thirty (30) days of receipt of this letter. If either party requests a review, the request must include a written statement of why the letter of findings should be modified.

Notwithstanding this dismissal by HUD, the Fair Housing Act provides that the complainant may file a civil action in an appropriate federal district court or state court within two years after the occurrence or termination of the alleged discriminatory housing practice. The computation of this two-year period does not include the time during which this administrative proceeding was pending. In addition, upon the application of either party to such civil action, the court may appoint an attorney, or may authorize the commencement of or continuation of the civil action without the payment of fees, costs, or security, if the court determines that such party is financially unable to bear the costs of the lawsuit.

The Department's regulations implementing the Act require that a dismissal, if any, be publicly disclosed, unless a party requests that no such release be made. 24 CFR 103.400(a)(2)(ii). Such request must be made within thirty (30) days of receipt of the determination to Director, Office of Enforcement, Office of Fair Housing and Equal Opportunity, 451 Seventh Street, S.W. Washington. D.C. 20410. Notwithstanding such request by the respondents, the fact of a dismissal, including the names of all parties, is public information and is available upon request.

The Final Investigative Report on this case is available by writing to me at the U. S. Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity, One Sansome Street, Suite 1200, San Francisco, CA 94104-4430.

On behalf of the Department of
Housing and Urban Development

9/18/2020
Date

Anné Quesada, Regional Director
Office of Fair Housing and
  Equal Opportunity (FHEO)

Enclosure

## DETERMINATION OF NO REASONABLE CAUSE
## LETTER OF FINDINGS OF COMPLIANCE

CASE NAME: *Musgrove, Irvin v. City of Oceanside Housing Authority, et al.*
CASE NUMBER: 09-19-6963-8 / 09-19-6963-4 / 09-19-6963-D

Complainant Irvin Musgrove has a Section 8 Housing Choice Voucher ("HCV"). Respondents are the City of Oceanside Housing Authority (OHA) and Angie Hanifin, OHA Housing Administrator. Complainant alleged to the U.S. Department of Housing and Urban Development ("the Department") that Respondents discriminated against him based on disability in violation of subsections 804(f)(2) and 804(f)(3)(B) of the Fair Housing Act ("the Act") when Respondents denied his reasonable accommodation requests to: 1) extend his HCV in April 2019, 2) have a live-in aide, and 3) assist him to find housing. Complainant also alleges that Respondents' actions violated Section 504 of the Rehabilitation Act of 1973 ("Section 504") and Title II of The Americans with Disabilities Act of 1990 ("ADA"). The Department investigated the complaint and has determined that no reasonable cause exists to believe Respondents' actions violated the Act or were out of compliance with Section 504 or the ADA.

Discrimination under 804(f)(2) and (f)(3)(B) of the Act, Section 504, and the ADA

To establish a violation under 804(f)(2) and (f)(3)(B) of the Act, Section 504, or the ADA, the investigation must find that Complainant made reasonable accommodation requests that were denied by Respondents.

Complainant alleged that on April 17, 2019, Respondents denied his reasonable accommodation request to extend his HCV so he would have additional time to search for housing. Records showed that Respondent OHA extended Complainant's HCV five times as a reasonable accommodation from September 5, 2018 to February 28, 2019. On February 25, 2019, Complainant submitted a potential unit for inspection, and on March 7, 2019, the unit failed to pass inspection. Subsequently, Respondent OHA extended Complainant's HCV to March 25, 2019. On April 17, 2019, Complainant again requested to extend his HCV. On May 14, 2019, Respondent OHA asked Complainant to provide additional information to support his request. On May 22, 2019, Respondent OHA verified with Complainant's healthcare provider that he has a disability related need for an extension and Complainant's HCV was extended to July 3, 2019. On June 4, 2019, Complainant ported his voucher to San Diego Housing Authority. The investigation did not find evidence to support the allegation that Respondent OHA denied Complainant's request to extend his voucher.

Complainant also alleged that Respondents denied his request for a live-in aide, which would qualify him for a two-bedroom HCV instead of a one-bedroom HCV. Complainant requested a live-in aide on September 12, 2018, and Respondents granted the accommodation on October 16, 2018. Respondent asserted that as part of the process to approve an aide, the potential live-in aide must be interviewed by Respondent OHA. It is undisputed that Complainant's potential live-in aides never appeared for the required interviews with Respondent OHA. The investigation did not find evidence to support the allegation that Respondent OHA denied Complainant's request for a live-in aide.

*Musgrove, Irvin v. City of Oceanside Housing Authority, et al.*
CASE NUMBERS: 09-19-6963-8 / 09-19-6963-4 / 09-19-6963-D

     Complainant also alleged that Respondents denied his request for assistance in seeking housing. It was undisputed that Respondent OHA provided Complainant with resources including websites with property listings and a list of property management companies and apartment complexes that regularly work with the HCV program. It was also undisputed that Respondent OHA provided Complainant with the Community Resources for Persons with Disabilities packet that includes lists of helpful community agencies and a list of apartment complexes known to have accessible units. The investigation did not find evidence to support the allegation that Respondent OHA denied Complainant's request for assistance in seeking housing.

     Based on these findings, there is no reasonable cause to believe that Respondent violated (804)(f)(2) and (f)(3)(B) of the Act, Section 504, or the ADA.

Additional Information

     This determination only addresses the violations of the Fair Housing Act, Section 504, and ADA alleged in the complaint and does not address any potential violations of any other provision of law. A determination of no reasonable cause is limited to the facts developed in a specific investigation and is not a determination of compliance with Fair Housing Act requirements. A copy of the final investigative report can be obtained from: Anné Quesada, Regional Director, Office of Fair Housing and Equal Opportunity, One Sansome Street, Suite 1200, San Francisco, CA 94104-4430.

*/s/ Anné Quesada*

Anné Quesada
Regional Director
Office of Fair Housing and
  Equal Opportunity



U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity – Region IX
One Sansome Street, Suite 1200
San Francisco, California 94104-4430
Voice: (800) 347-3739 (415) 489-6400
TTY: (415) 489-6564 Fax: (415) 489-6560
www.hud.gov espanol.hud.gov

City of Oceanside Housing Authority
300 North Coast Highway
Oceanside, CA 92054-2885

RECEIVED
OCT 2 1 2020
OCEANSIDE CITY ATTORNEY

Dear Respondent:

Subject: Final Letter of Determination
Case Name: *Musgrove, Irvin v. City of Oceanside Housing Authority, et al.*
HUD Case No.: 09-19-6963-4 (Section 504)

The Department of Housing and Urban Development has completed its investigation to determine whether the City of Oceanside Housing Authority has met the requirements of Section 504 of the Rehabilitation Act of 1973 ("Section 504"). The complainant alleged that the City of Oceanside Housing Authority discriminated against him based upon disability in violation of Section 504.

Neither party has requested that a review be made of the Letter of Findings. Pursuant to 24 CFR §8.56(h)(4), the Department is making a formal written determination of compliance. Specifically, the Department finds that the City of Oceanside Housing Authority is in compliance with Section 504 for those issues reviewed during the investigation of this complaint.

Sincerely,

Anné Quesada
Regional Director
Office of Fair Housing and
Equal Opportunity