UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE,<br><br>  Plaintiff,<br><br>v.<br><br>ANGIE HANIFIN, MARGERY PIERCE, KEYSA MACHADO, SUSANA SANDOVAL-SOTO, AND OCEANSIDE HOUSING AUTHORITY,<br><br>  Defendants. | Case No.: 20-cv-00614-GPC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SEVENTH AMENDED COMPLAINT;**<br><br>**[ECF No. 125]**<br><br>**(2) DIRECTING PLAINTIFF TO FILE HIS SEVENTH AMENDED COMPLAINT ON OR BEFORE OCTOBER 22, 2021; and**<br><br>**(3) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SIXTH AMENDED COMPLAINT**<br><br>**[ECF No. 117]** |

///

///

1

Before the Court is Defendants' motion to dismiss Plaintiff's Sixth Amended Complaint (ECF No. 117), Plaintiff's response in opposition to Defendants' motion (ECF No. 130), and Defendants' reply in support of the motion to dismiss (ECF No. 129). Also before the Court is Plaintiff's Motion for Leave to File 7th Amended Complaint (ECF No. 125), Defendant's opposition to the motion (ECF No. 128), and Plaintiff's reply in support (ECF No. 130).

For the following reasons, the Court **GRANTS** Plaintiff's motion for leave to file a Seventh and Final Amended Complaint, and **DENIES** as moot Defendants' motion to dismiss Plaintiff's Sixth Amended Complaint. Further, the Court finds this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1 (d)(1) and **VACATES** the hearing on this matter.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2020, Plaintiff Irvin Musgrove, proceeding *pro se*, initiated this action. ECF No. 1. On the same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. On June 3, 2020, Plaintiff filed a Third Amended Complaint, naming Angie Hanifin, Margery Pierce, Keysa Machado, and Oceanside Housing Authority as Defendants. ECF No. 13. On August 4, 2020, this Court granted Plaintiff's motion to proceed IFP, but *sua sponte* dismissed Plaintiff's Third Amended Complaint, without prejudice, pursuant to 28 U.S.C § 1915(e)(2)(B). ECF No. 15  On August 5, 2020, Plaintiff filed a Fourth Amended Complaint. ECF No. 16. On January 25, 2021, the Court *sua sponte* dismissed Plaintiff's Fourth Amended Complaint without prejudice. ECF No. 47. On January 27, 2021, Plaintiff filed a Fifth Amended Complaint ("5AC"). ECF No. 49.

A summons was subsequently issued on the 5AC and Plaintiff attempted to serve Defendants, and later filed requests for entry of default and motions for default judgments against Defendants. *See* ECF Nos. 48-75. The Court denied Plaintiff's requests for entry of default and motions for default judgment because Plaintiff had not established that he

2

had properly served the Defendants and had not adequately served Defendants with the 5AC.  ECF No. 76.  However, in the Court's May 12, 2021 Order dismissing the 5AC without prejudice, the Court found that it had erred in requiring Plaintiff to personally complete service of the 5AC, because Plaintiff is proceeding IFP.  ECF No. 91 at 2.  Federal Rule of Civil Procedure 4(c)(3) requires the court to order the United States marshals to complete service in cases where the plaintiff is proceeding IFP.  Fed. R. Civ. P. 4(c)(3).

As the Court explained in the Order, Plaintiff's 5AC was "dismissed because of his failure to request any relief," but also found that "the allegations are otherwise potentially sufficient to state a claim under Section 504 of the Rehabilitation Act" arising from Defendants' denial of Plaintiff's reasonable accommodation requests.  The Court further instructed Plaintiff to amend the 5AC and "caution[ed] Plaintiff that any further failures to fix the deficiencies in his complaint may lead to dismissal without leave to amend."  ECF No. 91 at 13.  The Court therefore granted Plaintiff leave to amend his complaint, and ordered the U.S. Marshals to effect service of the Sixth Amended Complaint ("6AC").  *Id.* at 14.

On July 1, 2021, Defendants moved to dismiss the Sixth Amended complaint.  ECF No. 117.  Plaintiff subsequently moved for leave to file a seventh and final amended complaint on August 2, 2021.  ECF No. 125.

**II.     DISCUSSION**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. United States*, 10 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 803 F.2d 1446, 1448 (9th Cir. 1987)).  Further, where amendment of a complaint would be futile, the court must deny leave to amend.  *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir. 1984).  The trial court has broad discretion to deny requests for leave to amend a complaint, after the

3

first amendment as of right. *See Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1111 (9th Cir. 2003).

The Court first provided Plaintiff with "notice of [his complaint's] deficiencies," *Cato*, 10 F.3d at 1106, in its Order dismissing the Third Amended Complaint because Plaintiff "failed to state a claim" and "failed to cite any federal or state statute or case law under which he brings his claim." ECF No. 15 at 5. The Court observed similar deficiencies in dismissing Plaintiff's Fourth Amended Complaint, finding that Plaintiff's bare citation to Section 504 of the Rehabilitation Act on the Civil Cover Sheet, without "expound[ing] on its relevance as applied to the facts of [his] case" did not sufficiently "establish a connection between the facts and the law." ECF No. 47 at 5. And with respect to the Fifth Amended Complaint, the Court dismissed the complaint because Plaintiff did not "state[] what relief he [was] seeking" which meant Plaintiff had failed to state a claim for relief. ECF No. 91 at 6. The Sixth Amended Complaint, which Defendants challenged in their motion to dismiss (ECF No. 131), suffered from similar omissions as the prior versions.

Plaintiff has now asked Court for leave to file a Seventh Amended Complaint ("7AC"). ECF No. 125, and has attached to his motion a proposed amended complaint, ECF No. 125-1. The 7AC adds causes of action and claims for relief that were previously unexplored in earlier complaints. Plaintiff would seek relief for violations of the Unruh Civil Rights Act (California Civil Code § 51), Section 504 of the Rehabilitation Act, and for Discriminatory Conduct Under the Fair Housing Act (42 U.S.C. § 3604(3)(B)), including the Liability for Discriminatory Housing Practices (24 CFR § 100.7) and Reasonable Accommodations (24 CFR § 100.204). ECF No. 125-1 at 1. The proposed 7AC lays out the causes of action, claims for relief, and relief sought relating to these state and federal statutes more fully than previous iterations of Plaintiff's complaint. *See, e.g.*, ECF No. 125-1 at 11-12 (describing the Section 504 claim for which Plaintiff seeks declaratory and injunctive relief).

Prior to the Court's Order dismissing Plaintiff's 5AC, which directed the U.S. Marshals to serve Defendants with Plaintiff's 6AC (ECF No. 91 at 14), Defendants were not served any of Plaintiff's earlier complaints. Defendants' participation in this case therefore effectively began only once they were served with Plaintiff's 6AC, on June 11, 2021. ECF Nos. 106-115. The Court finds it will conserve judicial resources to permit Plaintiff to amend his complaint, to file the attached proposed complaint as the Seventh Amended Complaint, and for Defendants to respond to the newly-minted causes of action in the 7AC.

### III.   CONCLUSION

The Court hereby **GRANTS** Plaintiff's motion for leave to amend his complaint, and to file the proposed amended complaint attached to Plaintiff's motion as his Seventh Amended Complaint. The Court **ORDERS** Plaintiff to file the proposed amended complaint as it appears in its current form attached to Plaintiff's motion (ECF No. 125-1) **on or before October 22, 2021**.

Further, Plaintiff shall not be required to personally serve Defendants his Seventh Amended Complaint. Upon Plaintiff's filing of his Seventh Amended Complaint, the Court **ORDERS** that the U.S. Marshals effect service of Plaintiff's Seventh Amended Complaint pursuant to Federal Rule of Civil Procedure 4(c)(3).

Finally, the Court **DENIES** as moot Defendants' motion to dismiss Plaintiff's Sixth Amended Complaint (ECF No. 117).

**IT IS SO ORDERED.**

Dated:  October 18, 2021

Hon. Gonzalo P. Curiel
United States District Judge