Office of the City Attorney
JOHN P. MULLEN
City Attorney, CA Bar No. 160510
**Barbara Hamilton**
**Assistant City Attorney, CA Bar No. 163806**
**Lisa Ricksecker**
**Sr. Deputy City Attorney, CA Bar No. 201746**
300 North Coast Highway
Oceanside, CA  92054
(760) 435-3969 FAX: (760) 439-3877

Attorneys for Defendants
Angie Hanifin, Margery Pierce, Keysa Machado,
Susana Sandoval-Soto and Oceanside Housing Authority

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ANGIE HANIFIN, MARGERY PIERCE, KEYSA MACHADO, SUSANA SANDOVAL-SOTO, AND OCEANSIDE HOUSING AUTHORITY<br><br>　　　　　　Defendants. | CASE NO.: 20-cv-00614-JO-BLM<br><br>ACTION FILED:  March 31, 2020<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S 7TH AMENDED COMPLAINT UNDER F.R.C.P. 12(b)(6)**<br><br>DATE:　　February 23, 2022<br>TIME:　　9:00 a.m.<br>DEPT:　　333 West Broadway<br>　　　　　　San Diego, CA 92101<br>　　　　　　Courtroom 4C<br>JUDGE:　 Hon. Jinsook Ohta |

THIS PAGE INTENTIONALLY BLANK

---
1

## I. INTRODUCTION

Enough is enough. Plaintiff has been granted multiple chances to amend his Complaint to state a claim but cannot. Plaintiff has also failed to file a timely opposition to defendant's motion, and this lack of response solidifies the merits of defendants' arguments in support of dismissal. To the extent that Plaintiff's separately filed "Motion for Judgment on the Pleadings" is considered by this Court to be an opposition, Plaintiff has not raised any relevant counter arguments or cited any applicable case law that would defeat those raised in Defendants' moving papers.

Plaintiff concedes in his Complaint and fails to argue otherwise in opposition that Defendants actually accommodated him by extending his voucher, that his housing choice voucher was not terminated, and that he is currently receiving benefits under the Section 8 program in a different jurisdiction. With respect to the individual defendants, who are sued in their official capacities, the 7AC does not allege facts specific to each individual sufficient to state a claim for relief under any legal theory. Because there is no basis for liability under the facts pled against Defendants Hanifin, Pierce, Machado and Sandoval-Soto, dismissal of these individual defendants is warranted.

Defendants did not deny Plaintiff access to the Section 8 Housing Choice Voucher Program and provided as much assistance as permitted by the applicable rules and limited resources. Plaintiff has not stated and cannot state a viable Section 504 claim against Defendants.

With respect to the alleged state claims, including the Unruh Act, Plaintiff has admittedly failed to file a government tort claim form as required prior to filing suit; therefore, all state and tort related claims and damages flowing therefrom must be dismissed. Other remaining claims, including the 2nd, 4th and 5th Causes of Action should be dismissed as the alleged Fair Housing claims are inapplicable as to Defendants since OHA and its employees (the individual defendants) were not involved in the sale, rental or financing of dwellings and/or responsible for rules, policies, practices and/or services with

respect to Plaintiff's use or enjoyment of his dwelling unit.  As evidenced by the extensive written record in this case, Plaintiff has been provided every opportunity to amend his Complaint to state a cause of action but has simply not been able to do so.  For these reasons, Defendants respectfully request that Plaintiff's 7AC be dismissed without leave to amend.

## II.  LEGAL ARGUMENT

### A.  PLAINTIFF DID NOT FILE AN OPPOSITION AND HAS ALSO FAILED TO ADDRESS DEFENDANTS' ARGUMENTS IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to the Local Rules of Practice for the United States District Court for the Southern District of California, if an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.  (CivLR 7.1 (f)(3)(c))

Here, Plaintiff's opposition was due to be filed and served on February 9, 2022.  None was filed.  Instead, on January 7, 2022, Plaintiff filed an unrelated and separate Motion for Judgment on the Pleadings.  To the extent that this motion is treated as an opposition to Defendants' motion to dismiss, Plaintiff fails to address or counter any of the arguments raised in the moving papers, and Defendants respectfully submit this Court should find in their favor.  As evidenced by the extensive written record in this case, this Court has provided Plaintiff extensive opportunities to state a claim and cure the defects in his Complaint, but Plaintiff has failed to do so.  Plaintiff has not and cannot plead a valid cause of action under any legal theory, and no further opportunities should be granted.

///
///
///
///

B. **"RIGHT TO SUE" LETTER DOES NOT SATISFY THE LEGAL REQUIREMENT TO FILE A GOVERNMENT TORT CLAIM PRIOR TO FILING THIS SUIT**

Here, Plaintiff admits he did not file a government tort claim prior to filing his lawsuit. A "right to sue" letter does not satisfy the clear black letter law requirement that requires a party asserting state tort claims against a public entity to file a government tort claim prior to filing suit. Plaintiff's Statement of Damages (Personal Injury or Wrongful Death) requests monetary damages based essentially on state personal injury claims including intentional discrimination, infliction of emotional distress, and conspiracy. (7AC paragraphs 28-52). Consequently, to the extent that Plaintiff's alleged $7.5 Million dollars in damages (7AC, page 19, paragraph 13-14) arises from these state personal injury claims, Plaintiff's claim is barred by his failure to exhaust administrative remedies by filing a tort claim prior to filing suit. Plaintiff's Unruh Act (Civil Code section 51) claims fall under the California Government Claims Act and thus require the submission of a tort claim to the City. See *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 764–765 ["Conditioning damage claims against public entities under the Unruh Civil Rights Act (however it may be defined) on compliance with the Government Claims Act presents no … constitutional problem."; and see *Nevarez v. Forty Niners Football Company, LLC* (N.D. Cal. 2018) 326 F.R.D. 562. The claims asserted against the individual defendants must also be filed against the public entity in order to pursue a California tort claim against its public employees allegedly acting in an official capacity. Gov't Code §950.2. And since Plaintiff did not file a tort claim form, it follows that his tort claims and damages against the individual defendants fail as well.

///
///
///
///

### III.   CONCLUSION

For all the reasons set forth above and outlined in detail in Defendants' moving papers that were uncontested by Plaintiff, Defendants respectfully request that the 7AC be dismissed without leave to further amend.

DATED:  February 16, 2022         CITY OF OCEANSIDE
                                  OFFICE OF THE CITY ATTORNEY

                                  By:    *s/ Barbara L. Hamilton*
                                   BARBARA L. HAMILTON
                                  LISA L. RICKSECKER
                                  Attorneys for Defendants