UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE,<br><br>                                      Plaintiff,<br>v.<br>ANGIE HANIFIN, OCEANSIDE HOUSING AUTHORITY, MARGERY PIERCE, KEYSA MACHADO, AND SUSANA SANDOVAL-SOTO,<br><br>                                      Defendants. | Case No.:   20CV614-JO(BLM)<br><br>**ORDER OVERRULING OBJECTION TO ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE** |

On October 26, 2022, Defendants Angie Hanifin, Margery Pierce, Keysa Machado, Susana Sandoval-Soto and Oceanside Housing Authority answered Plaintiff's Seventh Amended Complaint. ECF No. 200. That same day, the Court issued a Notice and Order for Early Neutral Evaluation Conference and Case Management Conference. ECF No. 201. The Court scheduled a videoconference Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") for December 1, 2022. Id.

On October 31, 2022, Plaintiff filed an Objection to Early Neutral Evaluation Conference. ECF No. 202. In the objection, Plaintiff states that he respectfully declines to attend the conference. Id. at 6.

Plaintiff's objection is **OVERRULED AND PLAINTIFF IS ORDERED TO ATTEND THE CONFERENCE**. Civil Local Rule 16.1(c)(1) states that

> [w]ithin forty-five (45) days of the filing of an answer, counsel and the parties must appear before the assigned judge for an early neutral evaluation conference; this appearance must be made with complete authority to discuss and enter into settlement.

In addition, Civil Local Rule 16.1(c)(2) states that when an ENE fails to result in a settlement,

> the judge must hold a case management conference within thirty (30) days after the ENE conference. The case management conference may be held at the conclusion of the ENE conference.

Accordingly, the Court is required to hold an ENE and CMC in this matter and Plaintiff is required to participate pursuant to this Court's October 26, 2022 order. Failure to participate may result in the imposition of sanctions.[1]

**IT IS SO ORDERED**.

Dated: 10/31/2022

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] Civil Rule 83.1 provides:

"Sanctions for Noncompliance with Rules

a. Failure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

b. For violations of these Local Rules or of a specific court order, the Court may, in imposing monetary sanctions, order that the monetary sanctions be paid to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury."