**Honorable Jinsook Ohta**
**United States District Judge**
**Civil Chambers Rules**
**Motions, Pretrial, and Trial Procedures**

**For questions regarding filing or docketing, contact:**
- the Clerk's Office at 619-557-5600,
- the CM/ECF Helpline at 866-233-7983, or
- the CASD CM/ECF Helpdesk at ecfhelp@casd.uscourts.gov.

**For criminal or courtroom technology matters,** contact Steven Yaptangco, Courtroom Deputy, at 619-557-7486.

**For civil hearing dates only,** leave a voicemail message with chambers at 619-321-0988. Your call will be returned on or before the next business day. Be aware of meet and confer requirements below prior to obtaining a hearing date. Do not wait until the filing deadline to leave a message requesting a hearing date.

**For trial or hearing transcript requests,** contact Abby Torres, Court Reporter, at abigail_torres@casd.uscourts.gov.

Unless otherwise specified by the Court, counsel and *pro se* litigants are expected to follow the Federal Rules of Civil Procedure, the Civil Local Rules for the Southern District of California (the "Civil Local Rules"), the Electronic Case Filing Administrative Policies and Procedures Manual (the "ECF Manual"), and any other applicable rules. The Civil Local Rules and the ECF Manual are available on the District Court's website. Failure to comply with the applicable Orders and rules may result in the Court striking non-compliant documents from the record, imposing sanctions under Civil Local Rule 83.1, or both.

## I. Communications with Chambers

**A. Letters or emails.** Letters or emails to chambers or chambers staff are prohibited unless required by Local Rule or specifically requested by the Court. If requested by the Court, letters or emails shall copy simultaneously all counsel and unrepresented parties. Copies of correspondence between counsel must not be sent to the Court unless requested by the Court.

**B. Telephone Calls.** Telephone calls to chambers are permitted only for obtaining a hearing date for a civil motion, temporary restraining order, or preliminary injunction. Parties seeking a motion date for a noticed motion may contact chambers if (1) they are ready to file within two calendar days and (2) have satisfied the meet and confer requirements set forth below. Such calls may only be made by counsel with knowledge of the case or an unrepresented party. Calls from secretaries, legal assistants, paralegals, or parties represented by counsel are prohibited. Counsel or unrepresented parties should not call chambers with procedural questions or to inquire whether any action has been taken on a motion or other filing. Court personnel are prohibited from giving legal advice or discussing the timing or merits of a case. Requests regarding access

to courtroom technology prior to a hearing should be directed to Courtroom Deputy Steven Yaptangco at 619-557-7486 or by email at steven_yaptangco@casd.uscourts.gov.

**C. Courtesy Copies.** Unless otherwise requested by the Court, do not deliver any paper courtesy copies to the Court.

## II.  Noticed Motions.

**A.  Conference of Counsel Prior to Filing Noticed Motions.** Unless one of the below exceptions applies, any party contemplating the filing of any noticed motion before this Court must first contact opposing counsel to discuss thoroughly the substance of the contemplated motion and attempt to resolve the matter informally.  For example, a party desiring to file a Rule 12(b)(6) motion shall meet and confer to determine the feasibility of stipulating to an amended complaint that resolves the moving party's concerns.  The conference must take place by telephone or in person at least *seven (7) days* prior to the filing of the motion.  If the parties are unable to reach a resolution that eliminates the need to file the motion, counsel for the moving party must include in the motion papers a declaration detailing (1) the date of the meet and confer; (2) counsel's good faith efforts, in person or by telephone, to meet and confer to resolve differences with opposing counsel; and (3) the positions taken by opposing counsel such that resolution was not possible. Parties will not obtain a hearing date until they have satisfied this meet and confer requirement. Failure to meet and confer in good faith will result in the Court issuing an order to show cause why sanctions should not be issued.

The only exceptions to this meet-and-confer requirement are (1) cases where any party is appearing *pro se* and is not an attorney and (2) applications for temporary restraining orders or preliminary injunctions.  *Ex parte* applications, which have separate requirements below, and joint motions are exempt from this rule as they are not noticed motions.

**B.  Proposed Orders.**  Proposed orders must be submitted simultaneously with all motions.  Proposed orders should contain "[PROPOSED]" in brackets in the caption. This Chambers Rule mandating the addition of "[PROPOSED]" supersedes Section 2(h) of the ECF Manual.  Counsel must email proposed orders in Word (.doc) format to efile_ohta@casd.uscourts.gov and include the case number and case name in the subject line of the email.  Proposed orders or other documents requiring the Judge's signature must not be filed on the docket.

**C.  Briefing.**  If multiple parties are moving for substantially the same relief or opposing a motion seeking substantially the same relief against them, they must make every effort to coordinate the timing of the filing of their motions, and to coordinate and consolidate the briefing to avoid duplication in briefing.  Parties may file a notice of joinder to another party's papers in support of or in opposition to a motion.

**D.  Exhibits & Unreported Cases.**  All exhibits submitted in support of motions should be excerpted to include only relevant material.  All exhibits must be clearly labeled, dated, tabbed, and indexed.  Copies of documents already contained on the electronic docket in any United States district court *should not be* included as exhibits.  Such documents should be cited in the text of

the motion with the case name, docket number, filing date, and any other information (*e.g.*, pages or paragraph numbers) that aids the Court (*e.g.*, *Doe v. Does*, No. 22cv306 (N.D. Cal. Jan. 13, 2022), Dkt. __ at __).  For cases not assigned to a reporter for publication, Westlaw or Lexis citations should be given, if available.  Citations to cases not available in Westlaw or Lexis should be accompanied by copies of the cases cited attached as exhibits.

### III.  *Ex parte* Motions

Before filing any *ex parte* motion, counsel must contact the opposing party to meet and confer regarding the subject of the *ex parte* motion.  All *ex parte* motions must be accompanied by a declaration from the movant documenting (1) efforts to contact opposing counsel, (2) counsel's good faith efforts, in person or by telephone, to meet and confer to resolve differences with opposing counsel, and (3) opposing counsel's position regarding the *ex parte* motion.  Any *ex parte* motion filed with the Court must be served on opposing counsel via email, fax, or overnight mail.  *Ex parte* motions that are not opposed within **two (2) Court days** will be considered unopposed and may be granted on that ground.  After receipt, moving and opposing *ex parte* papers will be reviewed and a decision will be made without a hearing.  If the Court decides to hear oral argument, the Court will issue an order setting the date and time for oral argument.

### IV.  Temporary Restraining Orders

All motions for temporary restraining orders must be briefed.  While temporary restraining orders may be heard *ex parte*, the Court will do so only in extraordinary circumstances.

### V.  Continuances

Parties requesting a continuance of any conference, scheduled motion, hearing date, deadline, briefing schedule, or any other procedural change must meet and confer prior to contacting the Court.  If the parties reach an agreement, they must file a joint motion with a declaration explaining the reasons for the requested continuance or extension of time.  The parties must also email a proposed order in Word (.doc) format to efile_ohta@casd.uscourts.gov.  *See* Chambers Civil Rule II.B.  The proposed order must set forth the currently scheduled date and the new, proposed date.  If the parties are unable to reach an agreement, the requesting party must file an *ex parte* motion demonstrating satisfaction of the applicable legal standard.  Such a motion should be filed at least **two (2) Court days** prior to the event or deadline that the moving party seeks to continue.

### VI.  Protective Orders and Requests to File Under Seal

The public enjoys a presumptive right of public access to court records based upon the First Amendment and the common law; therefore, motions to file documents under seal are strongly discouraged.  The fact that both sides agree to seal a document is insufficient cause for sealing.  The same applies to sealing motions based solely on a party's designation of document as "confidential" or "attorneys' eyes only" under a stipulated protective order.  As such, motions to seal must be narrowly tailored to the documents or portions of documents which require protection

for good cause in accordance with legal standards.  Parties shall not request the wholesale sealing of documents where only portions require protection.

The party requesting a sealing order must also file a "public" version of the document(s) it seeks to file under seal.  If the moving party has sought an order to seal only portions of the document, the party should file the document with only the alleged confidential or privileged information redacted.  If the moving party has sought an order to seal the document in full, the party should file a slip sheet making clear for the Court that the document is subject to the motion to seal.

### VII.  Settlement

If the parties settle a case, counsel must immediately notify this Court and the magistrate judge.  Unless a notice of dismissal is filed under Federal Rule of Civil Procedure 41(a)(1) for which a court order is not required, the parties must file a joint motion to dismiss and email the proposed order to the Court within ***twenty-eight (28) days*** of the settlement.

### VIII.  Pretrial Conference

Pursuant to Civil Local Rule 16.1(f)(6), the Court requires that the parties lodge by email to efile_ohta@casd.uscourts.gov a proposed pretrial order at least ***seven (7) days*** before the pretrial conference.  The proposed pretrial order must comply with the requirements of Civil Local Rule 16.1(f)(6)(c).  All parties are required to cooperate in completing the proposed pretrial order.

### IX.  Motions *in limine*

Motions *in limine* are those limited in scope to evidentiary issues.  *Daubert* motions, motions for judgment on the pleadings, summary judgment, leave to amend, or to bifurcate are not proper *in limine* motions.

Prior to filing motions *in limine*, counsel must meet and confer and discuss their intended motions, in an attempt to resolve issues without court intervention.  Counsel must confirm their good faith attempt to resolve the issues in a declaration that includes (1) the date of the meet and confer; (2) counsel's good faith efforts, in person or by telephone, to resolve differences with opposing counsel; and (3) the positions taken by opposing counsel such that resolution was not possible.  Failure to meet and confer in good faith will result in the Court issuing an order to show cause why sanctions should not be issued.

Unless the Court grants permission otherwise, each side is limited to five motions *in limine* and the motions and the responses to the motions ***will not exceed five pages***.  No replies to motions *in limine* are permitted.

### X.  Trial

**A.  Jury Selection.**  Unless authorized by the Court, parties should not submit jury questionnaires.  The courtroom deputy will provide counsel with a list of the jury panel in random order before *voir dire*.  The courtroom deputy will seat all prospective jurors (22 prospective jurors

will generally be summoned for civil cases).  The Court will conduct the initial jury *voir dire*.  In appropriate cases, the Court may permit follow-up *voir dire* by the attorneys.

**B. Trial Exhibits.**  In preparing trial exhibits, the parties should contact the Clerk's Office or the courtroom deputy for exhibit stickers.  Parties may provide their own exhibit stickers if the stickers include the exhibit number and case number.  Civil trials must only use numbers for identifying exhibits and not letters, unless otherwise ordered by the Court.

For both bench trials and jury trials, the parties must submit one (1) courtesy copy of the trial exhibits at least ***three (3) days*** before trial begins.  Counsel should contact the courtroom deputy to arrange a time to deliver the courtesy copies.  The parties must also submit the trial exhibits in an electronic-media format (*e.g.*, CD, DVD, or USB flash drive) at least ***three (3) days*** before trial.

The parties must also exchange their Final Exhibit and Witness Lists ***seven (7) days*** before trial and email a copy of their Final Exhibit and Witness Lists to efile_ohta@casd.uscourts.gov ***seven (7) days before trial***.

**C. Jury Instructions.**  Jury instructions shall be submitted to the Court ***seven (7) days before*** trial in the following format:

1. The parties are required to ***jointly*** submit one set of agreed upon instructions. To this end, the parties must meet and confer on their proposed jury instructions, and thereafter submit to the Court one complete set of agreed upon instructions to efile_ohta@casd.uscourts.gov. The Court prefers to use standard pattern instructions, such as the Ninth Circuit Model Jury Instructions, the California Civil Jury Instructions (CACI), or pattern instructions from other states when applicable.

2. If the parties cannot agree upon one complete set of instructions, they are required to submit one set of instructions to which they have agreed, and two additional sets (one for each party) of supplemental instructions that identify the dispute.  Parties should clearly identify the disputed portions, using different color ink for each party's proposal.

3. All instructions should be short, concise, and neutral statements of law.

4. Any modification to a standard instruction must be identified by specifying the modification to the original instruction and the authority supporting the modification.

**D. Trial Schedule.**  Trial generally proceeds from 8:30 a.m. to 3:30 p.m., Monday through Thursday, unless the Court schedules otherwise.  Jury deliberations also generally proceed from 8:30 a.m. to 3:30 p.m., unless the Court schedules otherwise.

**E. Trial Procedures.**  In civil trials, it is the practice of the Court to set a reasonable time limit for the entire trial.  The time limit set by the Court includes opening statements, arguments, testimony, closing arguments, and any other matters that occur over the course of the trial,

excluding jury selection. The Court will keep track of time limits, and upon request, the courtroom deputy will inform the parties of the time spent and remaining for trial.

Lawyers must make every effort to have their witness available on the day the witness is to testify. The Court attempts to accommodate witnesses' schedules and may permit counsel to call them out of sequence if warranted. Counsel must anticipate any such possibility and discuss it with opposing counsel and the Court. Counsel must promptly alert the Court to any scheduling problems involving witnesses.

Counsel should not enter the well, except during *voir dire*, opening statements, and closing argument. Counsel should conduct all examination of witnesses from the podium, seek permission from the Court before approaching a witness, and keep any visit to the witness stand brief, *e.g.*, by quickly orienting the witness with an exhibit and returning to the podium. When objecting, counsel should state only the legal ground for the objection (*e.g.*, "objection, hearsay"). Speaking objections are not permitted unless the Court requests further information from counsel. When a party has more than one lawyer, only one lawyer may conduct the examination of a given witness.