UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE,<br><br>                                       Plaintiff,<br>v.<br><br>ANGIE HANIFIN, OCEANSIDE HOUSING AUTHORITY, MARGERY PIERCE, KEYSA MACHADO, AND SUSANA SANDOVAL-SOTO,<br><br>                                       Defendants. | Case No.: 20CV614-JO(BLM)<br><br>**ORDER REGARDING PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS** |

On October 26, 2022, Defendants Angie Hanifin, Margery Pierce, Keysa Machado, Susana Sandoval-Soto, and Oceanside Housing Authority answered Plaintiff's Seventh Amended Complaint. ECF No. 200. That same day, the Court issued a Notice and Order for Early Neutral Evaluation Conference and Case Management Conference. ECF No. 201. The Court scheduled a videoconference Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") for December 1, 2022. Id. In preparation for the conferences, the Court ordered the parties to submit participant information for the conference, meet and confer, exchange initial disclosures, and file a joint discovery plan. Id. at 3-7. The Court warned the parties that "[f]ailure to appear at the ENE conference will be grounds for sanctions." Id. at 2.

On October 31, 2022, Plaintiff filed an Objection to Early Neutral Evaluation Conference stating that he respectfully declined to attend the conference. ECF No. 202 at 6. That same day, the Court issued an order overruling Plaintiff's objection and ordering Plaintiff to attend the conferences. ECF No. 203. The Court noted that "[f]ailure to participate [in the Early Neutral Evaluation and Case Management Conferences] may result in the imposition of sanctions." Id. at 2.

On November 29, 2022, Plaintiff filed a document entitled Motion for Change of Venue Due to Fraud on the Court by Judge Curiel to 9th Circuit, Set Case Back to Rightful Place or Judgment on The Pleadings Due to No Affirmative Defense. ECF No. 211. In the document, Plaintiff stated "I WILL NOT attend and [sic] ENE, as if it's okay, an[d] continue with not being heard or taken seriously." Id. at 1.

On December 1, 2022, the Court convened a videoconference Early Neutral Evaluation Conference. ECF No. 212. Plaintiff, who is proceeding *pro se*, did not appear or participate. Id. It is clear from Plaintiff's court filings that Plaintiff knew he was required to appear for the ENE and CMC conferences and that he intentionally chose not to do so. This is a knowing and intentional violation of the Court's order. The Court also ordered Plaintiff to submit a confidential settlement statement and provide contact information[1] [ECF No. 201], both of which Plaintiff failed to do.

In its October 26, 2022 order, the Court also ordered Plaintiff to participate in the creation of the joint discovery plan as described in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 16(f) and produce the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A-D). ECF No. 201. Defendants filed a Joint Rule 26(f) Discovery Plan ("Discovery Plan") on November 21, 2022. ECF No. 207. The Discovery Plan and supporting Declaration indicate that Plaintiff communicated with defense counsel about the Court's order and the need to create and file a joint discovery plan but Plaintiff refused to provide the required information. Id. at 7-8,

---

[1] The Court emailed Plaintiff on November 29, 2022 to remind him of his obligation to submit a confidential settlement statement and participant contact information. Plaintiff did not respond to the email or submit the ordered information.

Declaration of Lisa L. Rickseker In Support of Attempted Meet and Confer Re Joint Discovery Plan at ¶ ¶ 3-10 and Exhibits 1-7.  The court filings, again, establish that Plaintiff knowingly and intentionally violated the Court's order regarding the discovery plan.  Because initial disclosures do not require a court filing, the Court does not know whether Plaintiff complied with this order. Initial disclosures are a critical part of the litigation process and Rule 26(a)(1) requires the parties to provide specific information and documents and to update that information, if necessary, during the litigation.  See Fed. R. Civ. P. 26(a)(1).  If Plaintiff did not serve his initial disclosures on Defendants as required in the Court's October 26, 2022 order, he must do so by **December 30, 2022** and must file a Notice of Compliance by **January 6, 2023** confirming that he complied with this discovery requirement.

Because Plaintiff knowingly and intentionally violated this Court's orders, this Court has the legal authority to impose sanctions against Plaintiff.  Fed. R. Civ. P. 16 states that

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f).  The Federal Rules of Civil Procedure also authorize the Court to impose sanctions when a party "fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f)" or fails to obey an order regarding discovery, including orders under Rule 26(f).  Fed. R. Civ. P. 37(b)(2) and (f).

Similarly, the Local Rules for the Southern District of California provide:

Sanctions for Noncompliance with Rules

> a. Failure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.
>
> b. For violations of these Local Rules or of a specific court order, the Court may,

> in imposing monetary sanctions, order that the monetary sanctions be paid to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury.

CivLR. 83.1.  Finally, sanctions may be imposed pursuant to the Court's inherent power.  See Grizzle v. County of San Diego, 2022 WL 2706151, at *1 (S.D. Cal., July 12, 2022) ("Courts 'unquestionably' possess the inherent power to assess sanctions for disobedience of a court order.) (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975); Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991)).  "A showing of bad faith is not necessary when the Court issues sanctions under Rule 16 of the Federal Rules of Civil Procedure or the Local Rules."  White v. Papoutis, 2017 WL 1020585, at *2 (S.D. Cal., Mar. 16, 2017) (citing Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (finding appropriate the district court's issuance of sanctions under Federal Rule of Civil Procedure 16 and the district court's local rules when the president of the plaintiff-business failed to appear at a mediation session and gave no prior notice)).

　　　The final issue that the Court must consider is what sanction, if any, the Court should impose.  Fed. R. Civ. P. 37(b)(2)(A)(i-vii) provides the following specific sanctions:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order

to submit to a physical or mental examination.

The Court also is authorized to impose monetary sanctions, including reasonable attorneys' fees, caused by the discovery violation. See Fed. R. Civ. P. 16(f)(2) and 37(f).

Here, the Court finds that the enumerated sanctions set forth in Rule 37(b)(2)(A) are inappropriate at this time. In addition, because Plaintiff is proceeding *in forma pauperis* [see ECF No. 15] and given the current unique circumstances of this case, the Court declines to impose monetary sanctions at this time. However, Plaintiff is reminded that the Court's orders are orders, not requests or suggestions, and that he is required to comply with all Court orders and discovery requirements.[2] Failure to do so in the future may result in sanctions, including monetary sanctions, evidentiary sanctions, and terminating sanctions.

**IT IS SO ORDERED**.

Dated: 12/8/2022

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] Plaintiff is advised that monetary sanctions and the specified sanctions set forth in Rule 37(b)(2)(A) may be imposed against any party that fails to engage in proper discovery. See Fed. R. Civ. P. 37.