UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Irvin Musgrove,<br><br>                       Plaintiff,<br><br>v.<br><br>Hanifin et al.,<br><br>                       Defendants. | Case No.: 20cv614-JO-BLM<br><br>**ORDER DENYING PLAINTIFF IRVIN MUSGROVE'S MOTIONS FOR RECUSAL** |

On December 7, 2022, December 13, 2022, and January 18, 2023, Plaintiff Irvin Musgrove filed motions for recusal of the undersigned. Dkts. 214, 216, 217. Plaintiff bases these motions on the Court's dismissal of his claim: "Then you proceeded to team with Atty [sic] Hamilton again by attacking the Unruh Civil Rights Act as one of my causes of action, as you two determined that it wasn't fitting for my case, when you both were TOTALLY WRONG." Dkt. 214 at 2; "In this case, only the Plaintiff's case has been wrongfully stripped of the Unruh Civil Rights Act, which was a legitimate causes [sic] of action that Judge Ohta wrongfully claimed was improper and the proper filing procedure (which Judge Ohta took the defense Atty's [sic] flawed expertise for as gospel, by

wrongfully ruling" on Plaintiff's claim. Dkt. 216 at 3–4; "At the Hearing on 09/29/2022, JO [sic] made a ruling that I filed my case in the inappropriate place strictly on the word of the defense Atty [sic] Barbara Hamilton, when in fact, the Fair Housing & Equal Opportunity (FHEO), which is under Housing & Urban Development (HUD) [sic]…She [] removed the Unruh Civil Rights Act as one of my Causes of Action[.]" Dkt. 217 at 2.

The Supreme Court has recognized that due process confers the right to an impartial and disinterested judge. *See Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980). A judge should recuse herself when "the probability of actual bias is too high to be constitutionally tolerable." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). 28 U.S.C. § 455 further instructs that a federal judge must recuse herself from any proceeding in which her "impartiality might reasonably be questioned" or if she has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a). The provisions of 28 U.S.C. § 455 "require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (quoting *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988)).

Plaintiff has not identified any grounds for a reasonable person to question the undersigned's bias, personal prejudice, or partiality. Plaintiff's arguments for recusal hinge solely on the Court's adverse ruling, which is not sufficient to demonstrate that this judge has a bias or prejudice stemming from an extrajudicial source. Because Plaintiff does not point to any facts that would lead one to reasonably question the undersigned's impartiality, his motions for recusal [Dkts. 214, 216, 217] are DENIED.

**IT IS SO ORDERED**.

Dated:  February 14, 2023

_____
Honorable Jinsook Ohta
United States District Judge