UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Irvin Musgrove,<br><br>                              Plaintiff,<br><br>v.<br><br>Oceanside Housing Authority et al,<br><br>                              Defendants. | Case No.: 20cv614-JO-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION** |

*Pro se* Plaintiff Irvin Musgrove filed three motions seeking to "address the fraud on the court and return [his] case back to the point before the fraud began." Dkts. 222, 224, 226. In these motions, Plaintiff requests that the Court return the case to its procedural posture prior to the Court's March 4, 2021 order, including restoring his dismissed Unruh Act claim. *See* Dkt. 222 at 12 ("There have been several acts of fraud on the court in this case from 03/04/2021 forward…this was the point from which fraud on the court took hold."); Dkt. 224 at 3 (requesting dismissal of Unruh Act claim "to be retracted"); Dkt. 226 (alleging fraud in the case beginning with the Court's March 4, 2021 order). The Court construes these motions as requests to reconsider each of the Court's orders issued from March 4, 2021, to the present.

Civil Local Rule 7.1(i)(1) permits a party to seek reconsideration of an order. *See* S.D. Cal. Civ. L.R. 7.1(i). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has identified three grounds for reconsideration: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) to correct clear error in the prior decision or a result of manifest injustice. *Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998). Here, Plaintiff has not identified newly discovered evidence, intervening law, clear error, or manifest injustice that warrants reconsideration of the rulings in the case from March 4, 2021, to the present. The Court therefore denies Plaintiff's reconsideration requests. The Court also denies these requests to the extent Plaintiff presents new arguments and evidence that he reasonably could have raised earlier in the litigation. *See Kona*, 229 F.3d at 890 (holding that party seeking reconsideration cannot raise new arguments or present new evidence that could have been raised earlier). Accordingly, the Court DENIES Plaintiff's motions for reconsideration [Dkts. 222, 224, 226].

**IT IS SO ORDERED**.

Dated: June 23, 2023

Honorable Jinsook Ohta
United States District Judge