UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE,<br><br>                                    Plaintiff,<br><br>v.<br><br>ANGIE HANIFIN, OCEANSIDE HOUSING AUTHORITY, MARGERY PIERCE, KEYSA MACHADO, AND SUSANA SANDOVAL-SOTO,<br><br>                                    Defendants. | Case No.:   20CV614-JO(BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE FOR LACK OF PROSECUTION AND FAILURE TO ABIDE BY COURT ORDERS**<br><br>**[ECF NOs. 223 & 227]** |

        Currently before the Court is Defendants' June 8, 2023 Motion to Dismiss with Prejudice – Lack of Prosecution and Failure to Abide by Court Orders [ECF No. 223-1 ("MTD")].[1]  For the reasons set forth below, this Court **RECOMMENDS** that Defendants' Motion for Terminating Sanctions Against Plaintiff be **GRANTED**.

## PROCEDURAL BACKGROUND

        The instant matter was initiated on March 31, 2020.  ECF No. 1.  On October 18, 2021, Plaintiff, proceeding *pro se*, filed a Seventh Amended Complaint asserting causes of action under Section 504 of the Rehabilitation Act, the Fair Housing Act, the Unruh Civil Rights Act, intentional

---

[1] On June 8, 2023, Defendants filed two motions to dismiss that appear to present the same arguments.  Compare ECF Nos. 223 and 227.  Defendants do not explain why they filed two motions.  Id.  In this order, the Court will consider and cite to the motion to dismiss filed as document 223.

infliction of emotional distress, and conspiracy against Defendants Oceanside Housing Authority, its director Margery Pierce, case managers Angie Hanifin and Susana Sandoval-Soto, and supervisor Keysa Machado in their official capacities alleging they violated Plaintiff's housing rights based on his disabilities.  ECF No. 134 ("SAC").  On December 16, 2021, Defendants filed a motion to dismiss the SAC for failure to state a claim.  ECF No. 151.  On September 29, 2022, Judge Ohta issued an Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. ECF No. 193.

On October 26, 2022, Defendants Angie Hanifin, Margery Pierce, Keysa Machado, Susana Sandoval-Soto, and Oceanside Housing Authority answered Plaintiff's Seventh Amended Complaint.  ECF No. 200.  That same day, the Court issued a Notice and Order for Early Neutral Evaluation Conference and Case Management Conference.  ECF No. 201.  The Court scheduled a videoconference Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") for December 1, 2022.  Id.  In preparation for the conferences, the Court ordered the parties to submit confidential settlement statements, submit participant information for the conference, meet and confer, exchange initial disclosures, and file a joint discovery plan.  Id. at 3-7.  The Court further ordered that "[f]ailure to appear at the ENE conference will be grounds for sanctions."  Id. at 2.

On October 31, 2022, Plaintiff filed an Objection to Expectation of Attending ENE Conference with Judicial Errors that Violate Both Plaintiff's Opportunity & Civil Rights stating that he respectfully declined to attend the conference.  ECF No. 202 at 6.  That same day, the Court issued an Order Overruling Plaintiff's objection and ordering Plaintiff to attend the conferences.  ECF No. 203.  The Court noted that "[f]ailure to participate [in the Early Neutral Evaluation and Case Management Conferences] may result in the imposition of sanctions."  Id. at 2.

On November 29, 2022, Plaintiff filed a document entitled Motion for Change of Venue Due to Fraud on the Court by Judge Curiel to 9th Circuit, Set Case Back to Rightful Place or Judgment on The Pleadings Due to No Affirmative Defense.  ECF No. 211.  In the document,

20CV614-JO(BLM)

Plaintiff stated "I WILL NOT attend and [sic] ENE, as if it's okay, an[d] continue with not being heard or taken seriously." Id. at 1.

On December 1, 2022, the Court convened a videoconference Early Neutral Evaluation Conference. ECF No. 212. Plaintiff failed to appear. Id. The following day the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings. ECF No. 213. The scheduling order included the following deadlines:

| Fact Discovery | May 25, 2023 |
| --- | --- |
| Expert Designation | April 27, 2023 |
| Rebuttal Expert Designation | May 26, 2023 |
| Expert Disclosures | April 27, 2023 |
| Supplemental Expert Disclosures | May 26, 2023 |
| Expert Discovery | June 29, 2023 |
| Pretrial Motion Filing | July 27, 2023 |

On December 7, 2022, Plaintiff filed a Motion for the Recusal of The Hon Judge Jinsook Ohta & Hon Barbara L Major Due to Bias & Allowing Fraud to Continue Violating Plaintiff's Rights! ECF No. 214.

On December 8, 2022, the Court issued an Order Regarding Plaintiff's Failure to Comply with Court Orders. ECF No. 215. The Court noted that Plaintiff knowingly and intentionally violated this Court's October 26, 2022 order [see ECF No. 201] and ordered Plaintiff to provide Defendants with his initial disclosures and to file a Notice of Compliance by December 30, 2022. Id. at 2-3. The Court declined to impose monetary sanctions for Plaintiff's violations but noted that Plaintiff's continued lack of compliance with Court orders and discovery requirements could "result in sanctions, including monetary sanctions, evidentiary sanctions, and terminating sanctions." Id. at 5.

On December 13, 2022 and January 18, 2023, Plaintiff filed an Amended Motion to Recuse Judge Ohta & Major &/or Enforce Fraud on The Court By Returning Case to Point Prior

to Fraud by Judge Curiel [see ECF No. 216] and an Amended Motion to Recuse Judges Ohta & Major For Bias & Failing to Address & Rule on Fraud Upon the Court [see ECF No. 217].

On June 2, 2023, the Court issued an Order Setting Briefing Schedule after counsel for Defendants contacted the Court regarding a discovery dispute and indicated that she had been unable to discuss the dispute with Plaintiff.  ECF No. 221.  In accordance with the Order, Defendants filed the instant motion.  ECF No. 223.  Plaintiff did not oppose the motion.  See Docket.[2]

## DISCOVERY BACKGROUND

On October 26, 2022, the Court ordered Plaintiff to exchange initial disclosures with Defendants by November 25, 2022.  ECF No. 201.  Defendants served their initial disclosures on Plaintiff on November 21, 2022.  MTD at 3-4; see also ECF No. 223-2, Declaration of Lisa L. Ricksecker In Support of Defendants' Motion to Dismiss with Prejudice - Lack of Prosecution And Failure to Abide by Court Orders ("Ricksecker Decl.") at ¶ 3.  Plaintiff failed to serve Defendants with his initial disclosures and on December 8, 2022, the Court ordered Plaintiff to provide Defendants with his initial disclosures by December 30, 2022 and to file a Notice of Compliance by January 6, 2023.  ECF No. 215.  Plaintiff did neither.  MTD at 3-4.

On December 2, 2022, the Court issued a Scheduling Order Regulating Discovery and Other Pretrial Proceedings.  ECF No. 213.  The Order set an April 27, 2023 deadline for expert designations.  Id. at 2.  On April 27, 2023, Defendants served their expert designations on Plaintiff.  MTD at 4; see also Ricksecker Decl. at ¶ 4.  Plaintiff did not serve expert designations.  Id.  The order also included a May 25, 2023 deadline for completing fact discovery and a June 29, 2023 deadline for completing expert discovery.  ECF No. 213 at 1-3.

---

[2] On June 27, 2023, Plaintiff filed an "Emergency Motion to Immediately Address & Remove the Fraud Upon the Court By Judge Curiel, By Judge Ohta, Credit My Right to Due Process & = Protection, by Approving My 03/017-11/21 Service on the Defendants, Affected by the Fraud, Allowing Their Failure to Answer, & Her Duty As A Mandatory Reporter of the Fraudulent Actions."  ECF No. 229 (emphasis in original).  Initially, the Court thought the document was a tardy opposition to the instant Motion to Dismiss with Prejudice.  However, the Court has carefully reviewed the pleading and it does not address Defendants' Motion to Dismiss or the issue of terminating sanctions for failing to comply with Court Orders and instead focuses on Judge Curiel and Judge Ohta's alleged fraud and bias against Plaintiff.  Id.

20CV614-JO(BLM)

On April 18, 2023, Defendants served Plaintiff with one set of Requests for Admissions and one set of Request for Production of Documents.  MTD at 4; see also Ricksecker Decl. at ¶ 5.  Plaintiff's responses were due May 18, 2023.  Id.  Plaintiff did not respond, object, or produce any documents.  Id.  While Defendants do not clearly state that Plaintiff did not serve any discovery on Defendants, it appears that he did not.  See MTD at 1 ("almost zero progress" has been made toward resolving this case); MTD at 2 ("Plaintiff has failed to prosecute this action with due diligence").

## STANDARDS OF LAW

### A.  Federal Rule of Civil Procedure 16(f)

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 16(f),

> the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1).  "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f)(2).

### B.  Federal Rule of Civil procedure 37

Rule 37 of the Federal Rules of Civil Procedure empowers this Court to issue sanctions against a party for failing to make disclosures or cooperate in discovery.  If a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  If a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless,"

20CV614-JO(BLM)

and "[i]n addition to or instead of this sanction," the court "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(c)(1)(C). A court may also order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).

When a party fails to obey a discovery order, Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi) allows for various sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

"[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme circumstances." Meeks v. Nunez, 2017 WL 908733, at *10 (S.D. Cal. Mar. 8, 2017) (quoting Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 589 (9th Cir. 1983)). For the imposition of such a severe sanction, the conduct of the disobedient party must be "due to willfulness, bad faith, or fault of the party." Id. (quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted).

The Ninth Circuit has set forth five factors to be considered by the court in selecting the appropriate sanction:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

20CV614-JO(BLM)

<u>Hullinger v. Anand</u>, 2016 WL 7444620, at *8 (C.D. Cal. Aug. 19, 2016) (quoting <u>Valley Engineers Inc. v. Electric Engineering Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998)).  This test is a disjunctive balancing test, so not all five factors must support dismissal.  <u>See</u> <u>Valley Eng'rs Inc.</u>, 158 F.3d at 1051 (observing that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal); <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).  "The Ninth Circuit has held that a party's failure to produce documents as ordered is considered sufficient prejudice to establish sanctionable conduct." <u>Hullinger</u>, 2016 WL 7444620, at *8 (quoting <u>Apple Inc. v. Samsung Elecs. Co., Ltd.</u>, 2012 WL 2862613, at *1-2 (N.D. Cal. July 11, 2012)). When considering evidentiary, issue or terminating sanctions, factors three and five "become particularly important." <u>Id.</u>

Where a court order is violated, the first two factors support terminating sanctions while the fourth factor, the public policy favoring disposition of the cases, does not support dismissal. <u>See</u> <u>Adriana Int'l Corp. v. Thoeren</u>, 913 F.2d 1406, 1412 (9th Cir. 1990); <u>see also</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1991). Therefore, the third and fifth factors are ultimately determinative of the result. <u>Adriana Int'l Corp.</u>, 913 F.2d at 1412.

While the Court may consider a party's <i>pro se</i> status in analyzing the willfulness of discovery violations or the factors of dismissal, <i>pro se</i> litigants are required to comply with discovery rules and court orders. <u>See</u> <u>Gordon v. County of Alameda</u>, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted"); <u>see also</u> <u>Crockett v. City of Torrance</u>, 2012 WL 6874724, at *4 (C.D. Cal. Nov. 21, 2012) ("Plaintiff's pro se status does not exempt him from compliance with discovery procedures or any other procedural requirements in this case."); <u>Ragsdale v. Lopez-Flores</u>, 2016 WL 8732335, at *4 (C.D. Cal. Sept. 16, 2016) ("[a]lthough the Court should and does consider Plaintiff's pro se status, that status does not excuse repeated intentional noncompliance with discovery rules and court orders.") (citing <u>Lindstedt v. City of Granby</u>, 238 F.3d 933, 937 (8th Cir. 2000) (affirming the imposition

of the sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

C. <u>Federal Rule of Civil Procedure 41</u>

Pursuant to Fed. R. Civ. P 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Dismissal under Rule 41(b) is a sanction, to be imposed only in 'extreme circumstances'" and requires that the disobedient party's actions were "due to willfulness, bad faith, or fault of the party." <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1063 (9th Cir. 2004) (quoting <u>Dahl v. City of Huntington Beach</u>, 84 F.3d 363, 366 (9th Cir. 1996)) and <u>United States ex rel. Wiltec Guam, Inc.</u>, 857 F.2d at 603. In determining whether to dismiss a case under Rule 41(b), a Court must weigh five factors

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

<u>Ferdik</u>, 963 F.2d at 1260–61 (quoting <u>Thompson v. Housing Authority of City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." <u>Hernandez</u>, 138 F.3d at 399 (9th Cir. 1998) (internal citations omitted) (citing <u>Ferdik</u>, 963 F.2d at 1263)."

D. <u>Civil Rule 83.1</u>

Civil Local Rule 83.1 addresses sanctions for noncompliance with rules

Failure of counsel, or of any party, to comply with these rules, with the Federal Rules of Civil or Criminal Procedure, or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or rule or within the inherent power of the Court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions.

b. For violations of these Local Rules or of a specific court order, the Court may, in imposing monetary sanctions, order that the monetary sanctions be paid to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury.

## **DISCUSSION**

Defendants argue that the instant matter should be dismissed because Plaintiff has "seemingly abandoned the case as evidenced by his repeated failure to obey this Court's Orders and refusal to participate in the litigation process he initiated."  MTD at 2.  Specifically, Plaintiff failed to (1) attend the ENE, (2) submit a confidential settlement statement, (3) provide contact information to the Court prior to the ENE, (4) create a joint discovery plan, (5) produce initial disclosures pursuant to Fed. R. Civ. P. 26, (6) serve an expert designation, and (7) serve responses to properly propounded written discovery.  Id. at 2-4.  Defendants argue that the Court has the authority to dismiss Plaintiff's case under Fed. R. Civ. P. 16(f) and 41 for failure to comply with the Court's order and the Federal Rules of Civil Procedure.  Id. at 4-6.  Defendants further argue that Plaintiff's case lacks merit because he failed to respond to Defendants' Requests for Admission and, therefore, all of the requests have been deemed admitted.  Id. at 7-9.  Plaintiff did not file a response or opposition to the motion.  See Docket.

A.    Violation of the Court's Orders

The Court ordered Plaintiff to participate in the creation and filing of a joint discovery plan, submit a confidential settlement statement, submit a participant list with contact information, provide initial disclosures to Defendants, and appear for a videoconference Early Neutral Evaluation and Case Management Conference on December 1, 2022.  ECF Nos. 201 and 203.  The Court specifically warned Plaintiff that failing to comply with the Court's order could result in the imposition of sanctions, including the dismissal of his case.  See ECF No. 201 ("Failure to appear at the ENE conference will be grounds for sanctions."); see also ECF No. 203 ("Failure to participate may result in the imposition of sanctions") (citing Civil Local Rule 83.1).  Plaintiff failed to comply with any of these orders.  See ECF No. 215.

The Court found that Plaintiff knowingly and intentionally violated the Court's orders.  Id. at 2-3. The Court considered sanctioning Plaintiff for his willful failure to comply with the Court's orders but found that "the enumerated sanctions set forth in Rule 37(b)(2)(A) are inappropriate at this time" and declined to impose monetary sanctions because Plaintiff was proceeding *in forma pauperis*.  Id. at 5.  Instead, the Court explained to Plaintiff that he was required to

20CV614-JO(BLM)

comply with the court orders and provided Plaintiff with another opportunity to serve initial disclosures.  Id. at 3 (Plaintiff must serve his initial disclosures on Defendants "by December 30, 2022 and must file a Notice of Compliance by January 6, 2023 confirming that he complied with this discovery requirement.").  The Court again warned Plaintiff that failing to comply with the Court's order could result in the imposition of sanctions, including the dismissal of his case.  Id. at 5 ("Plaintiff is reminded that the Court's orders are orders, not requests or suggestions, and that he is required to comply with all Court orders and discovery requirements.[] Failure to do so in the future may result in sanctions, including monetary sanctions, evidentiary sanctions, and terminating sanctions.").  Plaintiff did not comply with the Court's order.  See Docket.

   B. <u>Plaintiff's Violation of the Court's Order Was Due to Willfulness, Fault, or Bad Faith</u>

   For dismissal under Fed. R. Civ. P. 37(b), the conduct of the disobedient party must be "due to willfulness, bad faith, or fault of the party."  <u>Meeks</u>, 2017 WL 908733, at *10 (quoting <u>United States ex rel. Wiltec Guam, Inc.</u>, 857 F.2d at 603.  This factor does not require a finding of wrongful intent or any particular mental state.  See <u>United States v. Lee</u>, 2016 WL 11281164, at *2 (S.D. Cal. Dec. 6, 2016).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1167 (9th Cir. 1994) (citing <u>Henry v. Gill Indus.</u>, 983 F.2d 943, 948 (9th Cir. 1993).  "A single willful violation may suffice depending on the circumstances." <u>United States v. Approximately $30,000.00 in U.S. Currency</u>, 2015 WL 5097707, at *8 (E.D. Cal. Aug. 28, 2015) (citing <u>Valley Engineers, Inc.</u>, 158 F.3d at 1056, cert. denied, 526 U.S. 1064 (1999)) and <u>Ortiz–Rivera v. Municipal Government of Toa Alta</u>, 214 F.R.D. 51, 57 (D.P.R.2003) (disobedience of court orders in and of itself constitutes extreme misconduct and warrants dismissal)).  The Ninth Circuit has "specifically encouraged dismissal, however, where the district court determines 'that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders.'" <u>Meeks</u>, 2017 WL 908733, at *6 (citing <u>Sigliano v. Mendoza</u>, 642 F.2d 309, 310 (9th Cir. 1981) (quoting <u>G–K Props. v. Redevelopment Agency</u>, 577 F.2d 645, 647 (9th Cir. 1978)) (citing <u>Nat'l Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639 (1976)).

The evidence clearly establishes that Plaintiff acted, or more accurately failed to act, knowingly, intentionally, and willfully.  As discussed above, Plaintiff was aware of the ENE and CMC, the related requirements and his obligation to attend the conferences, as well as the potential for sanctions should he not follow the Court's order.  After the Court issued the Notice and Order For Early Neutral Evaluation and Case Management Conferences, Plaintiff objected to the notice and stated that he respectfully declined to attend.  ECF No. 202 at 6.  The Court responded that same day with an order stating that "Plaintiff's objection is **OVERRULED AND PLAINTIFF IS ORDERED TO ATTEND THE CONFERENCE**."  ECF No. 203 at 2 (emphasis in original).  After that order, Plaintiff filed another document reiterating that "[he] WILL NOT attend and [sic] ENE, as if it's okay, an[d] continue with not being heard or taken seriously."  ECF No. 211 at 1.  The Court provided Plaintiff with additional clarity regarding his obligation to attend the ENE and CMC and gave him a second opportunity to provide the required initial disclosures, but he again failed to comply with the Court's orders.

Plaintiff's statements in response to the Court's orders establish that he received the Court's orders, knew what he was required to do, and intentionally refused to comply with the Court's orders.  Further, the Court found in December 2022 that Plaintiff had knowingly and intentionally violated the Court's orders and while Plaintiff did not object to this finding, the finding did not affect Plaintiff's behavior as he continued to refuse to comply with the Court's orders.  Because Plaintiff did not respond to the instant motion, Plaintiff has not shown that his decision to ignore the Court's orders was outside of his control.  Accordingly, the Court finds that Plaintiff's behavior, including not creating a joint discovery plan, not submitting a confidential settlement statement, not submitting a participant list with contact information, not providing initial disclosures to Defendants, and failing to appear for a videoconference ENE and CMC was done knowingly, willfully, and voluntarily and the decision was entirely within Plaintiff's control.

///

///

///

20CV614-JO(BLM)

1

C.    Failure to Engage in Discovery

2    Plaintiff has not responded to requests for production of documents and requests for

3    admission that Defendants served on April 18, 2023.  MTD at 4; Ricksecker Decl. at ¶ 5, Exh. A.

4    Defendants do not explain what meet and confer efforts the parties engaged in as a result of

5    Plaintiff's failure to respond to discovery, but they do note that "Plaintiff [had] not been heard

6    from in close to 6 months."  MTD at 2.  Plaintiff's decision to not respond to discovery as required

7    by the Federal Rules of Civil Procedure was also willful and within Plaintiff's control.

8    Fact discovery closed in this case on May 25, 2023 and expert discovery closed on June

9    29, 2023.  ECF No. 213.  While it is not clear from Defendants' pleadings, it appears that Plaintiff

10   did not serve any discovery during the authorized time periods.  Plaintiff did not file an opposition

11   to the instant motion to dismiss and therefore did not provide any evidence that he has

12   conducted discovery.  Plaintiff's most recent filing again focuses on alleged past errors and fraud

13   and does not address the status of any discovery.  ECF No. 229.

14   While Plaintiff has continued to file various pleadings and make appearances in this case,

15   he is doing it in a manner that is not intended to move this case forward or towards a resolution.

16   It is clear from the docket that Plaintiff has received the orders issued in this matter and has

17   deliberately chosen to ignore them.  It is also clear from the docket that Plaintiff understands

18   what the orders require him to do, and he is making a conscious decision to disregard them.

19   See ECF Nos. 202 ("with all due respect, I decline attending an ENE conference"), 211 ("I WILL

20   NOT attend an[] ENE"), 224 ("this will serve as my expressed denial of participating in the

21   scheduled discovery" and "I will not cooperate with this case, as long as I'm expected to

22   continue, without addressing and having the fraud ended & its accomplishments discontinued

23   and dissolved" and " I noticed that Atty Barbara Hamilton, has filed a call for Sanctions against

24   me, but I haven't read it as of yet.").  Instead of responding to and complying with the Court's

25   orders, Plaintiff repeatedly has elected to file whatever pleadings he desires.[3]  This behavior

26

27   [3] The Court notes that Plaintiff has filed numerous documents challenging the integrity and bias
     of the involved judges, alleging numerous acts of fraud and misconduct, and expressing his
28   refusal to participate in the Court's procedures unless the Court reverses its orders and starts

20CV614-JO(BLM)

significantly and negatively impacts the Court as the Court must thoroughly read and consider all of Plaintiff's filings, even though many of them are repetitive and already have been addressed by the Court.  See ECF No. 228 (denying Plaintiff's motions for reconsideration of "the Court's orders issued from March 4, 2021, to the present" for lack of newly discovered evidence, intervening law, clear error, or manifest injustice that warrants reconsideration and noting that "Pro se Plaintiff Irvin Musgrove filed three motions seeking to 'address the fraud on the court and return [his] case back to the point before the fraud began.' Dkts. 222, 224, 226.").  The relevant evidence establishes that Plaintiff has knowingly, intentionally, and willfully refused to participate in the discovery process and that his refusal has negatively impacted the Court and its ability to move this case towards a resolution.

     D.  Factors for Dismissal

As discussed in detail below, all of the factors identified by the Ninth Circuit support the Court's decision to recommend dismissal of this case.  See Valley Engineers, 158 F.3d at 1057; Hullinger, 2016 WL 7444620, at *8.

     1.  Public Interest in Expeditious Resolution of Litigation & The Court's Need to Manage its Dockets

The first two factors focus on the need to move cases toward timely resolution.  Here, Plaintiff filed this action more than three years ago and yet he has not taken any action to move this case toward resolution.  He has not produced initial disclosures, it does not appear that he has propounded any discovery, and he has not responded to Defendants' discovery requests.  He also repeatedly has failed to comply with the Court's orders.  In addition, as discussed above, Plaintiff's decision to repeatedly file repetitious pleadings addressing matters previously decided requires the Court to spend an inordinate amount of time on this litigation.  Plaintiff's behavior has negatively impacted both the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket.  Both of these facts weigh in favor of dismissal.

///

---

the case anew and his desire to progress to a new forum, the Ninth Circuit Court of Appeals.  See e.g. ECF Nos. 214, 216, 217, 222, 224, 226, & 229.

20CV614-JO(BLM)

1

   2.    <u>The Risk of Prejudice to the Party Seeking Sanctions</u>

2       The consideration of prejudice is an important factor in deciding a motion for a dismissal

3  sanction and should receive more weight than the other factors.  <u>Meritage Homeowners' Ass'n</u>

4  <u>v. Bank of New York Mellon</u>, 2017 WL 9471669, at *4 (D. Or. Dec. 3, 2017) (citing <u>Henry</u>, 983

5  F.2d at 948 and <u>Banga v. Experian Info. Solutions</u>, 2009 WL 2407419, *1 (N.D. Cal. Aug. 4,

6  2009)).  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to

7  go to trial or threaten to interfere with the rightful decision of the case."    <u>In re</u>

8  <u>Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1228 (9th Cir. 2006)

9  (quoting <u>Adriana Int'l Corp.</u>, 913 F.2d at 1412 and (citing <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d

10 128, 131 (9th Cir. 1987) and <u>In re Eisen</u>, 31 F.3d 1447, 1453 (9th Cir. 1994)).  Failing to produce

11 documents as ordered is considered sufficient prejudice.  <u>Id.</u> (citing <u>Adriana</u>, 913 F.2d at 1412).

12 "Prejudice normally consists of loss of evidence and memory, it may also consist of costs or

13 burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself."  <u>Id.</u>

14 (citing <u>In re Eisen</u>, 31 F.3d at 1453 and <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002)).

15 "When the spoiling party's actions force the non-spoiling party 'to rely on incomplete and spotty

16 evidence' at trial, dismissal is proper."  <u>Meritage Homeowners' Ass'n</u>, 2017 WL 9471669, at *4

17 (quoting <u>Leon v. IDX Systems Corp.</u>, 464 F.3d 951, 959 (9th Cir. 2006)).

18      Plaintiff's inaction in this case has prejudiced Defendants.  Due to Plaintiff's unwillingness

19 to follow this Court's orders and engage in discovery, Defendants have been required to spend

20 time and money (1) preparing for and attending an ENE that could not take place without

21 Plaintiff who failed to appear, (2) attempting to meet and confer to finalize a joint discovery plan

22 with Plaintiff [<u>see</u> MTD at 3; <u>see also</u> ECF No. 207 at 9], (3) preparing and serving requests for

23 admissions without receiving any response from Plaintiff, (4) preparing and serving requests for

24 production of documents without receiving any response from Plaintiff, (5) retaining experts,

25 and (6) filing the instant motion to dismiss.  Despite Defendants' efforts in this case, they still

26 have not received Plaintiff's initial disclosures or any responses to their requests for admissions

27 or requests for production of documents.  There is no question that without these responses,

28 Defendants' ability to go to trial has been impaired.  <u>See</u> <u>Mendia v. Garcia</u>, 2018 WL 509977, at

20CV614-JO(BLM)

*4 (N.D. Cal. Jan. 23, 2018) (finding that plaintiff's conduct prejudiced defendants where "Defendants have been forced to expend time and resources attempting to secure [plaintiff's] cooperation by filing motions (including the instant Motion) and attending in-person meet and confer sessions, a motion hearing, and a deposition where Plaintiff did not to appear. Plaintiff's refusal to produce discovery has also impaired Defendants' ability to adequately defend against Plaintiff's claims.").  This factor therefore weighs in favor of dismissal.

       3.   <u>Public Policy Favoring Disposition of Cases on Their Merits</u>

      While public policy favors disposition of cases on their merits, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." <u>In re Phenylpropanolamine</u>, 460 F.3d at 1228.  As such, this factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." <u>Id.</u>  (quoting <u>In re the EXXON VALDEZ</u>, 102 F.3d 429, 433 (9th Cir. 1996) (noting that plaintiffs' total refusal to provide discovery obstructed resolution of their claims on the merits); <u>In re Eisen</u>, 31 F.3d at 1454 (giving weight to the plaintiff's failure to specify why it is important that his actions be resolved on their merits); <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the responsibility of the moving party to move toward disposition on the merits).

      For at least the past year, Plaintiff has not made any effort to move the case toward resolution on the merits.  Instead of focusing on the merits of his case and obtaining and providing discovery, Plaintiff has spent this time trying to prove fraud by Judges Curiel and Ohta, seeking the removal of Judges Ohta and Major from the case, and attempting to get his case removed from this Court to the Ninth Circuit.  <u>See</u> ECF Nos. 175, 177, 181, 204, 208, 211, 214, 216-217, 222, 224, 226, 229.  Plaintiff's refusal to participate in discovery and respond to Court orders has effectively prevented the case from moving forward.  Accordingly, this factor weighs in favor of a dismissal sanction.

       4.   <u>Availability of Less Drastic Sanctions</u>

      "[B]ecause dismissal is so harsh a penalty, it should be imposed only in extreme

20CV614-JO(BLM)

circumstances." <u>Meeks</u>, 2017 WL 908733, at *5.  Before imposing a dismissal sanction, a court must consider the "impact of the sanction and the adequacy of less drastic sanctions." <u>United States ex rel. Wiltec Guam, Inc.</u>, 857 F.2d at 604 (quoting <u>Malone</u>, 833 F.2d at 131 and <u>United States v. Nat'l Med. Enter.</u>, 792 F.2d 906, 912 (9th Cir. 1986)). In <u>Kahaluu Constr. Co.</u>, the Ninth Circuit opined that "the district court is generally required to discuss alternative sanctions; but, in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." <u>Id.</u> (citing <u>Halaco Eng'g Co. v. Costle</u>, 843 F.2d 376, 381 (9th Cir. 1998)) ("consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives.").  If a court fails to warn a claimant "explicitly or implicitly that their procedural lapses might result in a judgment against them" then it places that court's order of dismissal "in serious jeopardy." <u>Id.</u> at 605.  In sum, a "three-part analysis determines whether a court properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" <u>U.S. Equal Emp't Opportunity Com'n</u>, 2009 WL 1287757, at *4 (quoting <u>Adriana Int'l. Corp.</u>, 913 F.2d at 1412–13).

The Court has considered and rejected the possibility of lesser sanctions.  Initially, the Court finds that ordering Plaintiff to engage in discovery would not be successful.  The Court gave Plaintiff additional time to provide his initial disclosures to Defendants.  ECF No. 215.  Plaintiff still failed to do so.  Because Plaintiff repeatedly has ignored and refused to comply with the Court's orders, the Court finds that Plaintiff also would not comply with an order to produce other discovery, such as responses to Defendants' discovery.  This finding is supported by Plaintiff's own statements that he would not participate in discovery.  <u>See</u> ECF No. 224 at 2.  Second, the Court considered imposing monetary sanctions but given Plaintiff's *pro se* status as well as the other facts regarding Plaintiff's claims and conduct, the Court has no reason to believe that the imposition of monetary sanctions would compel Plaintiff to participate in discovery or that Plaintiff could pay the sanctions.  The Court also has considered evidentiary

sanctions but finds they are unlikely to be successful given the fact that Plaintiff has refused to participate in the discovery and litigation process despite the Court's warning that such a failure could result in evidentiary and dismissal sanctions.  In addition, "evidentiary sanctions are most appropriate when a party fails to provide one specific type of discovery."  See Chambers v. Janssen Pharmaceuticals, Inc., 2018 WL 3706695, at *6 (S.D. Cal., Aug. 3, 2018).  In such a situation, a court can prohibit the introduction of certain evidence or instruct a jury that a specific fact is proven or that the jury can consider a party's destruction of evidence.  Chambers, 2018 WL 3706695, at *6   Here, on the other hand, Plaintiff has not provided any discovery so there is no appropriate evidentiary sanction or jury instruction.  See Alexis v. Rogers, 2017 WL 1967328, at *7 (S.D. Cal., May 12, 2017) ("evidentiary sanctions would not be appropriate in this case as Plaintiff has refused to engage in any discovery or litigation since at least January 2017. As such, any evidentiary sanction would have to be broad, excluding a significant amount of evidence and essentially preventing Plaintiff from presenting her case").[4] Also, as discussed below, Defendants have an argument that their requests for admissions should be deemed admitted which could result in preventing Plaintiff from proving any of the elements of his claims. Finally, as noted above, the Court gave Plaintiff numerous warnings that dismissal of his case was a possibility if he continued to ignore the Court's orders and yet none of the Court's warnings impacted Plaintiff's conduct.  As a result, the Court finds that this factor also weighs in favor of a dismissal sanction.

E. Requests For Admissions

Defendants served requests for admissions on Plaintiff on April 18, 2023 and Plaintiff's responses were due May 18, 2023.  MTD at 4; see also Ricksecker Decl. at ¶ 5.  The requests

---

[4] Citing Leon v. IDX Sys. Corp., 464 F.3d 951, 960–61 (9th Cir. 2006) (affirming a dismissal sanction where an evidentiary sanction would have been "futile" and a jury instruction that created a presumption in favor of defendants still "would leave [d]efendants equally helpless to rebut any material that [p]laintiff might use to overcome the presumption.") and Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 352 (9th Cir. 1995) (affirming a dismissal sanction because plaintiff's repeated violations of the court's orders and concealment of documents demonstrated that "dismissal was the only real alternative," where "the court anticipate[d] continued deceptive misconduct" and there was no "reasonable assurance that the truth would be available.").

20CV614-JO(BLM)

address Plaintiff's remaining causes of action.  See Ricksecker Decl. at ¶ 7, Exhibit A.  Specifically, they ask Plaintiff to Admit 1) YOU have not been denied equal access to the benefits of the HCV PROGRAM, 2) that Section 504 of the Rehabilitation Act does not require an agency to grant a reasonable accommodation request when it would impose an undue financial and administrative burden or require a fundamental alteration of the program, (3) YOUR request to Defendants to make phone calls to potential landlords would have been a fundamental alteration of the HCV program, 4) that by asking Defendants to make phone calls to potential landlords on YOUR behalf, YOU were not requesting equal access to the HCV program but rather superior access, 5) Defendants accommodated YOU by extending the time on YOUR voucher, 6) Defendants accommodated YOU by referring YOU to other agencies who could provide the assistance YOU requested, 7) Defendants provided YOU with several resources who could have assisted YOU in making first contacts with potential landlords, 8) Defendants referred YOU to several websites with property listings and a list of property management companies and apartment complexes that regularly work with the HCV program, 9) Defendants provided YOU with the Community Resources for Persons with Disabilities packet that included lists of helpful community agencies and a list of apartment complexes known to have accessible units, 10) YOUR request for accommodation to make phone calls to potential landlords was not reasonable, 11) YOU received even-handed treatment by defendants in relation to the able bodied, 12) YOU remain a Section 8 HCV PROGRAM participant, 13) YOU have never been denied the benefits of the Section 8 HCV PROGRAM, and 14) that Defendants did not deny YOU any reasonable accommodation requests solely by reason of YOUR disability, 15) that Defendants did not violate the Fair Housing Act 42 U.S.C. Section 3604(3)(B) (Second Cause of Action in Plaintiff's 7th Amended Complaint) pertaining to YOUR request to make phone calls to potential landlords on YOUR behalf, 16)  that Defendants did not violate the Fair Housing Act 24 CFR Section 100.7 (Fourth Cause of Action in Plaintiff's 7th Amended Complaint), 17) that Defendants did not violate the Fair Housing Act CFR 24 Section 100.204 (Fifth Cause of Action in Plaintiff's 7th Amended Complaint), 18) that Defendants did not violate the Section 504 Rehabilitation Act of 1973 (First Cause of Action in Plaintiff's 7th Amended Complaint), and 19) that the regulations governing administration of the

20CV614-JO(BLM)

1  HCV PROGRAM do not require Defendants to contact potential landlords on behalf of participants

2  in the HCV PROGRAM to assist in locating housing units.

3       Plaintiff did not respond or object to the requests or request additional time to do so.

4  Ricksecker Decl. at ¶¶ 5 & 8. "A matter is admitted unless, within 30 days after being served,

5  the party to whom the request is directed serves on the requesting party a written answer or

6  objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P.

7  36(a)(3). However, when a party is proceeding *pro se*, the requesting party must inform the

8  *pro se* party that that failing to respond to the requests for admission will result in the matters

9  being admitted. See Allen v. City of Reno, 2022 WL 16964586, at *1 (D. Nev., Nov. 16, 2022)

10  ("Because Plaintiff is proceeding *pro se* and because the requests for admissions did not notify

11  Plaintiff of the effect of failing to respond to them, the Court extends the time for Plaintiff to

12  answer Defendant Kinkade's requests for admissions and denies Defendant Kinkade's motion for

13  summary judgment without prejudice as premature."); see also Motley v. Malta, 2023 WL

14  2529778 (D. Nev., March 14. 2023)  (denying Defendants' motion for summary judgment as

15  premature and granting *pro se* plaintiff additional time to respond to requests for admission

16  where defendants failed to inform plaintiff that not responding would result in the admission of

17  the matters in the requests) (citing Fed. R. Civ. P. 36(a)(3) (authorizing court to extend or

18  shorten time to respond to requests for admissions); United States v. $30,464.00 in U.S.

19  Currency, 2015 WL 10937514, at *3 (C.D. Cal. Feb. 9, 2015) ("Before a matter is deemed

20  admitted against a *pro se* prisoner for failure to respond, the RFA should contain a notice

21  advising the party of the deadline and the consequences for [sic] not responding"); Medina v.

22  Donahoe, 854 F. Supp. 2d 733, 748 (N.D. Cal. 2012) (requests for admissions must contain a

23  notice warning a *pro se* litigant that the matters shall be deemed admitted unless the request is

24  responded to within thirty days); Jones v. McGuire, 2012 WL 2376290, at *8 (E.D. Cal. June 22,

25  2012), adopted, 2012 WL 4344539 (E.D. Cal. Sept. 21, 2012) (declining to give effect to allegedly

26  deemed admissions on summary judgment, where defendants did not provide such notice to

27  *pro se* prisoner plaintiff).

28       Here, Defendants have not filed a motion for summary judgment or a motion seeking a

20CV614-JO(BLM)

court order that the unanswered RFAs are admitted.  Rather, Defendants assert that the RFAs are admitted and argue that therefore the remaining causes of action have no merit.  MTD at 7-9.  The RFAs included with Ms. Ricksecker's declaration do not include a warning that failure to respond to the RFAs will result in the facts being admitted and Ms. Ricksecker does not provide any information regarding whether the required warning was provided to Plaintiff.  See Ricksecker Decl. and Exh. A.  As a result, it is premature for the Court to address whether Plaintiff's failure to respond to the RFAs results in the facts being admitted and the Court declines to find that Plaintiff's claims have no merit based upon the allegedly admitted RFAs.

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff repeatedly has knowingly intentionally, and willfully failed to comply with Court orders, refused to respond to discovery or take any efforts to move this case toward resolution, and reiterated his intention to not engage in the litigation process unless and until the Court reverses its prior orders or allows this case to proceed to the Ninth Circuit.  As a result, and after considering all the required factors, the Court **RECOMMENDS** dismissal of the instant case.[5]

If Plaintiff objects to the Court's Report and Recommendation or any of its findings or conclusions, he must file a document with the Court stating his objections by **August 18, 2023**.  If Plaintiff contests Defendants' representations in the MTD or supporting declaration, he also must address the alleged misrepresentations in his objections.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order: (1) approving and adopting this Report and Recommendation; and (2) granting Defendants' motion to dismiss.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with

---

[5] Additionally, Civil Local Rule 7.1(f)(3)(c) states that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court."  Accordingly, Plaintiff's lack of opposition to the instant motion is another factor in support of the Court's recommendation for granting Defendants' motion to dismiss.

20CV614-JO(BLM)

the Court and served on all parties no later than **August 18, 2023**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than September 1, 2023**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:  7/7/2023

Hon. Barbara L. Major
United States Magistrate Judge

21