UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN MUSGROVE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OCEANSIDE HOUSING AUTHORITY ET AL.,<br><br>　　　　　　　　　　Defendants. | Case No.:  20CV614-JO-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

*Pro se* Plaintiff Irvin Musgrove filed an "emergency motion to immediately address and remove the fraud upon the court" and to "credit my right to due process and equal protection." Dkt. 229.  In this motion, he alleges that Judge Curiel made a fraudulent representation which benefited Defendant, and that he improperly deemed Plaintiff's service of process invalid.  Further, he claims that this Court has a duty to report and "remove" the alleged fraud from the case by returning it to its prior posture.  The Court again construes this filing as a request to reconsider each of the Court's orders issued from March 4, 2021, to the present.

1

The Civil Local Rules permit a party to seek reconsideration of an order. *See* S.D. Cal. CivLR 7.1(i). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has identified three grounds for reconsideration: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) to correct clear error in the prior decision or a result of manifest injustice. *Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998). Once again, Plaintiff has not satisfied any of the above grounds, as he has not identified newly discovered evidence, intervening law, clear error, or manifest injustice that warrants reconsideration of the rulings in the case from March 4, 2021, to the present. Moreover, the Court has reviewed the record and finds no evidence of fraud in this case. The Court therefore denies Plaintiff's reconsideration request. The Court also denies this request to the extent Plaintiff presents new arguments and evidence that he reasonably could have raised previously. *See Kona*, 229 F.3d at 890 (holding that party seeking reconsideration cannot raise new arguments or present new evidence that could have been raised earlier in the case). Accordingly, the Court DENIES Plaintiff's motion for reconsideration. **IT IS SO ORDERED.**

Dated: August 11, 2023

_____
Hon. Jinsook Ohta
United States District Court