UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MUSGROVE,<br><br>        Plaintiff,<br><br>v.<br><br>HANIFIN, et al.,<br><br>        Defendants. | | Case No.: 20-CV-614-JO-BLM<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE** |

   Plaintiff Irvin Musgrove ("Plaintiff"), representing himself *pro se*, filed a civil rights action on March 31, 2020, against Angie Hanifin, Margery Pierce, Keysa Machado, Susana Sandoval-Soto, and the Oceanside Housing Authority ("Defendants"). Dkt. 1. Plaintiff filed his operative pleading on October 18, 2021. Dkt. 134. On June 8, 2023, Defendants moved for terminating sanctions and dismissal of the case on the grounds that Plaintiff has failed to prosecute his case and comply with court orders. Dkts. 223, 227. On July 27, 2023, Magistrate Judge Barbara L. Major issued a Report and Recommendation granting Defendants' motion and ordered any objections to be filed by August 18, 2023. Dkt. 230. Neither party objected to the report.

The district court only reviews a magistrate judge's Report and Recommendation when the parties object to his or her findings and conclusions. 28 U.S.C. § 636(b)(1)(c) ("A [district] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id.* Upon conducting a review of the objected-to portions, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Here, neither party filed an objection to the Report by the August 18, 2023, deadline. Between July 27, 2023, when Judge Major issued her Report and Recommendation, and the current date, October 24, 2023, Plaintiff filed the following documents: "Motion for Fraud Correction" on August 1, 2023, [Dkt. 231], "Motion for Reconsideration, Judgment on the Pleadings, and the Recusal of Judge Jinsook Ohta," on August 13, 2023, [Dkt. 233], two "Emergency Motions for the Recusal or Judges Ohta and Major by Peremptory Challenge," on September 28, 2023, and October 4, 2023, [Dkts. 240, 242], and an "Emergency Motion to Disqualify Judges Ohta and Major," on October 6, 2023. [Dkt. 243]. After reviewing the underlying arguments in these documents, the Court finds that none of them can be construed as Objections to the Magistrate Judge's Report and Recommendation. These filings, which focus on allegations of fraud committed by Judges Ohta, Curiel, and Major, do not dispute or disagree with Judge Major's findings regarding (1) Plaintiff's failure to participate in discovery and the litigation process and (2) his express unwillingness to comply with court orders. Nor do they address the reasoning in her Report and Recommendation or argue against her ultimate conclusion that the case

should be dismissed because of Plaintiff's refusal to participate. Accordingly, because neither party has objected, the Court concludes that it need not conduct a *de novo* review.

In conclusion, the Court ADOPTS Magistrate Judge Major's Report and Recommendation [Dkt. 230] in its entirety and DISMISSES the claims against Defendants with prejudice. Further, the Court DIRECTS the clerk to close the case.

**IT IS SO ORDERED**.

Dated: October 24, 2023

Honorable Jinsook Ohta
United States District Judge