**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRVIN MUSGROVE, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ANGIE HANIFIN; OCEANSIDE HOUSING AUTHORITY; MARGERY PIERCE; KEYSA MACHADO; SUSANA SANDOVAL-SOTO, <br><br> Defendants - Appellees. | No. 23-3922 <br><br> D.C. No. 3:20-cv-00614-JO-BLM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Submitted April 22, 2025[**]

Before:   GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Irvin Musgrove appeals pro se from the district court's judgment dismissing his action alleging housing rights violations under federal and state laws. We have

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (dismissal for failure to comply with a court order under Fed. R. Civ. P. 41(b)); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (dismissal as a discovery sanction under Fed. R. Civ. P. 37).  We affirm.

The district court did not abuse its discretion by dismissing Musgrove's action because Musgrove failed to comply with discovery-related and other court orders despite being warned that noncompliance could result in dismissal, and the district court found that Musgrove's behavior was willful.  *See* Fed. R. Civ. P. 37(b)(2) (permitting dismissal of action where a party has failed to comply with court's discovery orders); Fed. R. Civ. P. 41(b) (district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Applied Underwriters*, 913 F.3d at 890-91 (setting forth five factors to be considered before dismissing under Rule 41(b)); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) ("Rule 37 sanctions, including dismissal, may be imposed where the violation is due to willfulness, bad faith, or fault of the party." (citation and internal quotation marks omitted)); *Rio Props.*, 284 F.3d at 1022 (discussing five factors courts must weigh in determining whether to dismiss under Rule 37(b)).

We reject as unsupported by the record Musgrove's contentions that the district court was biased against him or committed fraud.

We do not consider Musgrove's challenges to the district court's interlocutory orders in light of our disposition. *See Al–Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (where dismissal was a sanction, interlocutory orders are not appealable).

**AFFIRMED.**